UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY T. CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08 cv 2687 |
| | ) | |
| FRESENIUS MEDICAL CARE OF | ) | District Judge Virginia M. Kendall |
| ILLINOIS, LLC, | ) | Magistrate Judge Geraldine Soat Brown |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS FRCP 12(b)(6)
MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S COMPLAINT**

Defendant Bio-Medical Applications of Illinois, Inc., incorrectly identified as Fresenius Medical Care of Illinois, LLC (hereinafter "Bio-Medical"), in support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, states the following.

**I.    NATURE OF ACTION AND CLAIMS ASSERTED**

On May 9, 2008, Plaintiff Anthony T. Caldwell ("Caldwell") filed his ten count complaint against Bio-Medical. (*See* Plaintiff's Complaint.) In his complaint, Caldwell alleges that Bio-Medical discriminated against him based on his race and sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); retaliated against him in violation of Title VII; discriminated against him because of his disability and subjected him to retaliation because of his disability in violation of the Americans with Disabilities Act ("ADA"); and discriminated against him based on his race in violation of 42 U.S.C. § 1981. (*See* Plaintiff's Complaint.)

In Counts I and II of the Complaint, Caldwell alleges that Bio-Medical discriminated against him based on his race and sex in violation of Title VII. In support of these allegations, Caldwell relies on the allegations contained in his Charge of Discrimination filed with the

Illinois Department of Human Rights on April 12, 2007, Charge No. 2007CF2674. Caldwell attaches a copy of the April 12, 2007 Charge to his complaint as Exhibit A. (*See id.* at ¶¶ 8, 14, Ex. A.)

In Count I, Caldwell further alleges that he received a Notice of Right to Sue from the Equal Employment Opportunity Commission with respect to his April 12, 2007 Charge and attaches a copy of the purported Notice of Right to Sue to his complaint as Exhibit B. (*See id.* at ¶ 9, Ex. B.)

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) Motion to Dismiss, Counts I and II of Caldwell's complaint must contain "enough factual matter (taken as true) to suggest" that Caldwell has a "plausible entitlement to relief." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1956-57 (2007). It is not enough to show a "possibility" of "entitlement to relief"; rather, the complaint must contain "allegations plausibly suggesting (not merely consistent with)" a valid claim. Id. at 1966. Even assuming all well-pled allegations as true, Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971, 981 (7th Cir. 2004), Counts I and II of Caldwell's complaint should be dismissed for failing to contain any allegations that suggest a valid claim.

## III. ARGUMENT

### A. Caldwell Failed to Exhaust His Administrative Remedy with Respect to Counts I and II.

Before a plaintiff may assert a claim under Title VII in federal court, he must file a timely charge with the EEOC detailing the discriminatory conduct and receive authorization from the EEOC to file a civil action (called a right-to-sue letter). 42 U.S.C. § 2000e-5(b), (f); *Conner v. Illinois Department of Natural Resources*, 413 F.3d 675, 680 (7th Cir. 2005). After receipt of the right to sue letter, a plaintiff has 90 days to bring suit in federal court. 42 U.S.C. § 2000e-

5(f)(1). These statutory requirements are deemed preconditions, similar to statutes of limitations, and if not satisfied, are grounds for dismissal unless waived by the defendant. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Gibson v. West*, 201 F.3d 990, 993 (7th Cir. 2000).

Counts I and II of Caldwell's complaint should be dismissed because he did not receive a right-to-sue letter from the EEOC with respect to these claims and, therefore, failed to exhaust his administrative remedy. Although Caldwell alleges that he received a Notice of Right to Sue with respect to his April 12, 2007 Charge, the document he attaches as evidence of his Notice of Rights (Exhibit B) does not correspond to the April 12, 2007 Charge. Rather, Exhibit B to Caldwell's complaint is the Notice of Right to Sue for his second charge of discrimination, filed on October 12, 2007, and is also attached to his complaint as Exhibit D. Because Caldwell has not satisfied Title VII's statutory requirements with respect to Counts I and II, these claims should be dismissed.

> **B.    Counts I and II of Caldwell's Complaint Should Be Dismissed Because Those Counts Contain Allegations that Are Outside the Scope of His April 12, 2007 Charge.**

Even if Plaintiff had obtained a right to sue notice, portions of Counts I and II of Caldwell's complaint should be dismissed because he voluntarily withdrew four of the six claims alleged in his April 12, 2007 Charge. (*See* Notice of Administrative Closure, attached as Exhibit 1.) Before filing a civil lawsuit, a Title VII plaintiff is required to file a discrimination charge with the EEOC and receive a right-to-sue letter. *Moore v. Jewel Food Stores*, 1998 U.S. Dist. LEXIS 2419, *5 (N.D. Ill. Mar. 3, 1998).[1] This procedure allows the EEOC to engage in investigatory and conciliatory efforts designed to settle disputes before lawsuits are filed. *Id.* at

---

[1] Copies of all electronic authorities cited herein are attached as Exhibit 2.

6.   In order to vindicate this policy, the general rule is that only those claims that are fairly encompassed within an EEOC charge may be the subject of a resulting lawsuit. *Id.*

Caldwell's April 12, 2007 IDHR Charge contained the following six claims: (1) harassment based on race, black; (2) harassment based on sex, male; (3) failure to promote – March 19, 2007, based on sex, male; (4) failure to promote – March 19, 2007, based on race, black; (5) involuntary transfer – March 19, 2007, based on sex, male; and (6) involuntary transfer – March 19, 2007, based on race, black. Caldwell requested that the IDHR cease investigating and dismiss four of the six claims contained in the Charge. (*See* Pl.'s Comp., Ex. A.) By notice dated October 15, 2007, the IDHR entered an order indicating that Caldwell had voluntarily withdrawn the following four claims: (1) harassment based on race, black; (2) failure to promote – March 19, 2007, based on sex, male; (3) failure to promote – March 19, 2007, based on race, black; and (4) involuntary transfer – March 19, 2007, based on sex, male. (*See* Ex. 1.) Therefore, the only claims remaining at the time Caldwell allegedly requested his right to sue letter from the EEOC were (1) harassment based on sex, male; and (2) involuntary transfer – March 19, 2007, based on race, black.

Because Caldwell withdrew four of his claims from his April 12, 2007 Charge, those claims were not fairly encompassed within the Charge at the time he allegedly requested his right to sue letter from the EEOC. As a result, the allegations in Counts I and II, with the exception of claims of gender harassment and involuntary transfer based on race, exceed the scope of his administrative charge and should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant Bio-Medical respectfully requests this Court to enter an order dismissing Counts I and II of Caldwell's complaint, in whole or in part, and awarding Defendant such other and further relief as the Court deems appropriate.

Dated: June 10, 2008         **BIO-MEDICAL APPLICATIONS OF ILLINOIS, INC.**


By: /s/ Nadine C. Abrahams
      One of Its Attorneys

Nadine C. Abrahams (abrahamn@jacksonlewis.com)
Sara A. Weinberg (weinbers@jacksonlewis.com)
Jackson Lewis LLP
320 W. Ohio Street
Suite 500
Chicago, IL  60610
Tel:  (312) 787-4949
Fax:  (312) 787-4995

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on **June 10, 2008**, she caused the foregoing Defendant's Motion to Dismiss Counts I and II of Plaintiff's Complaint to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system, including:

Barry A. Gomberg
Brian S. Schwartz
Barry A. Gomberg & Associates, Ltd.
53 W. Jackson Blvd., Suite 1350
Chicago, Illinois 60604

Dated: June 10, 2008      By:    /s/ Nadine C. Abrahams
                                                           Nadine C. Abrahams

1

STATE OF ILLINOIS

DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF: )
)
Anthony Caldwell )
    COMPLAINANT, )   Charge No. 2007CF2674
)   EEOC No. 21BA71373
AND )
)
Biomedical Application of Illinois, Inc. )
)
    RESPONDENT. )

RECEIVED OCT 22 2007 BY:

## NOTICE OF ADMINISTRATIVE CLOSURE

To: Anthony Caldwell
    c/o Lynette Lewis, Attorney
    Attorney at Law
    3502 W. 95th Street
    Evergreen Park, Illinois 60805

Nadine C. Abrahams
Nesheba N. Kittling
Fisher and Phillips LLP
140 South Dearborn Street
Suite 1000
Chicago, Illinois 60603

Charge Number 2007CF2674 having been filed with the Department of Human Rights by Complainant against Respondent, and Complainant having submitted a written request to withdraw the following parts of this charge pursuant to the Department's Rules and Regulations:

1. Harassment – November 2006 until April 1, 2007, based on my race, black.
2. Failure to promote – March 19, 2007, based on my sex, male.
3. Failure to promote – March 19, 2007, based on my race, black.
4. Failure to promote – March 19, 2007, based on my race, black.
5. Involuntary transfer – March 19, 2007, based on my sex, male.

You are hereby NOTIFIED that Complainant's request to withdraw is approved and that the parts of the charge specified above are hereby administratively closed. The Department will take no further action with regard to these allegations. <u>All remaining allegations shall continue to be processed in accordance with the Department's Rules and Regulations</u>.

    ENTERED THIS 15th DAY OF October 2007.

    DEPARTMENT OF HUMAN RIGHTS

    BY: _____
            Charles Dunlap
            Investigations Supervisor

PARTCLOS
1/02

2

Case 1:08-cv-02687   Document 11-3   Filed 06/10/2008   Page 1 of 6

1 of 1 DOCUMENT

SANDRA MOORE, Plaintiff, v. JEWEL FOOD STORES, INC., Defendant.

No. 97 C 6501

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

1998 U.S. Dist. LEXIS 2419

February 27, 1998, Decided
March 3, 1998, Docketed

**DISPOSITION:** [*1] Jewel's motion to dismiss the complaint pursuant to Federal *Rules 12(b)(1)* and *12(b)(6)* granted. Moore's complaint dismissed in its entirety. Moore's Title VII race discrimination charge (Count I) dismissed with prejudice. Moore's ADA claims in Counts II and III dismissed with prejudice. Moore's IHRA claim in Counts II and III dismissed for lack of subject matter jurisdiction. Moore's *§ 1983* claim in Count II dismissed with prejudice.

**COUNSEL:** For SANDRA MOORE, plaintiff: Jimmie L. Jones, J. L. Jones & Associates, Ltd., Chicago, IL.

For JEWEL FOOD STORES, INC., defendant: Jane M. McFetridge, Kevin Vincent Dunphy, Brittain, Sledz, Morris & Slovak, Chicago, IL.

**JUDGES:** Suzanne B. Conlon, United States District Judge.

**OPINION BY:** Suzanne B. Conlon

**OPINION**

*MEMORANDUM OPINION AND ORDER*

Plaintiff Sandra Moore ("Moore") brings a three count complaint against her former employer, Jewel Food Stores, Inc. ("Jewel"). Moore's complaint alleges her termination constituted race discrimination in violation of Title VII (Count I); disability discrimination in violation of the Americans with Disabilities Act ("ADA"), *42 U.S.C. § 12101 et seq.*; handicap discrimination under section 2-102(A) of the Illinois [*2] Human Rights Act ("IHRA"), *775 ILCS 5/2-102(A)* (Counts II and III); and a violation of *42 U.S.C. § 1983* (Count II). Jewel moves to dismiss the entire complaint pursuant to *Federal Rules of Civil Procedure 12(b)(1)* and *12(b)(6)*.

*BACKGROUND*

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir.1996)*. Moore is a black female who resides in Denver, Colorado. Jewel is her former employer. Jewel hired Moore as a cashier in September 1984. In September 1985, Moore was diagnosed with endometriosis. Shortly thereafter, Moore informed Jewel of her medical condition.

Prior to December 14, 1986, Moore sought and received an approved medical disability leave. Although she was scheduled to return to work on January 18, 1987, a deterioration of her medical condition prevented her return. During January, she informed Jewel of her condition and received an extension of her medical leave until February 16, 1987. Upon return to work, Moore provided Jewel with documentation of the reasons for her extended medical leave.

On April 5, 1987, Moore's [*3] condition again worsened. She took another medical leave. Sometime after her leave commenced, she underwent surgery. On May 5, 1987, while she was still recuperating, Jewel fired her. Jewel's stated reason for her termination was her failure to produce documentation of her medical condition to justify her medical leave. At the time of her termination, however, Jewel did not have a policy requiring specific documentation.

Moore filed an administrative discrimination charge with the Illinois Department of Human Rights ("IDHR") and the Equal Opportunity Employment Commission ("EEOC") on September 22, 1987. Def. Ex. 1. [1] The charge alleged discrimination on the basis of gender and

physical disability. The EEOC issued a right to sue letter on June 13, 1997. Moore received the right to sue letter on June 16, 1997. Moore filed her federal court complaint on September 15, 1997.

> 1   Neither Moore's administrative charge of discrimination nor the EEOC right to sue letter are attached to the complaint.

*DISCUSSION* [*4]

## I. MOTION TO DISMISS STANDARDS

In ruling on a motion to dismiss for lack of subject matter jurisdiction under *Rule 12(b)(1)*, the district court accepts as true all well-pleaded factual allegations, and draws reasonable inferences in favor of the plaintiff. *Ezekiel v. Michel, 66 F.3d 894, 897 (7th Cir. 1995)*. The district court may look beyond the jurisdictional allegations of the complaint and "view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir.1993)* (per curiam); *Barnhart v. United States, 884 F.2d 295, 296 (7th Cir.1989)*, cert. denied, *495 U.S. 957, 110 S. Ct. 2561, 109 L. Ed. 2d 743 (1990)*. In responding to a motion that challenges the factual basis for jurisdiction, a plaintiff cannot simply rest on her pleadings. Rather, a plaintiff must set forth through affidavits or other evidence specific facts that establish jurisdiction. *Kontos v. United States Dept. of Labor, 826 F.2d 573, 576 (7th Cir.1987)*.

The purpose of a *Rule 12(b)(6)* motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *Gibson* [*5] *v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir.1990)*. In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir.1992)* (citing *Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957))*. A claim may be dismissed only if it is beyond doubt that under no set of facts would a plaintiff's allegations entitle her to relief. *Travel All Over The World, Inc., 73 F.3d at 1429*; *Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 432 (7th Cir.1993)* (citing *Beam v. IPCO Corp., 838 F.2d 242, 244 (7th Cir.1988))*.

## II. TITLE VII CLAIM

Jewel argues that Moore's race discrimination claim must be dismissed because it exceeds the scope of her administrative charge. [2] Before filing a civil lawsuit, a Title VII plaintiff is required to file a discrimination charge with the EEOC and receive a right-to-sue letter. *Alexander v. Gardner-Denver Co., 415 U.S. 36, 47, 94 S. Ct. 1011, 1019, 39 L. Ed. 2d 147 (1974)*; *42 U.S.C. § 2000e-5(f)(1)*. This procedure allows the EEOC to engage [*6] in investigatory and conciliatory efforts designed to settle disputes before lawsuits are filed. In order to vindicate this policy, the general rule is that only those claims that are fairly encompassed within an EEOC charge may be the subject of a resulting lawsuit. *Chambers v. American Trans Air, 17 F.3d 998, 1003 (7th Cir.1994)*; *Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 127 (7th Cir.1989)*. In particular, only discrimination claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations" may be pursued in a lawsuit. *Babrocky v. Jewel Food Co., 773 F.2d 857, 864 (7th Cir.1985)* (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 167 (7th Cir.1976)* (en banc)).

> 2   Although the court does not typically consider materials outside the four corners of the complaint on a motion to dismiss, consideration of Moore's EEOC charge is required because it defines the permissible substantive scope her complaint. *Whitehead v. AM Intern., Inc., 860 F. Supp. 1280, 1286 n. 5 (N.D. Ill. 1994)*.

[*7] The pertinent question is whether Moore's race discrimination claim is like or reasonably related to the allegations of the EEOC charge. Moore's failure to check the appropriate box ("race") on the EEOC charge form does not necessarily bar her claim. *See Kristufek v. Hussmann FoodService Co., 985 F.2d 364, 368 (7th Cir. 1993)*. However, her failure to include any reference to her race in the factual narrative of the charge is fatal to her claim. "A relation between charge and claim must be rooted firmly in the plain language of the charge, subject to a reasonable interpretation." *Hill v. Human Rights Comm'n, 735 F. Supp. 255, 256 (N.D. Ill. 1990)*. The text of the EEOC charge does not refer to any acts of racial discrimination by Jewel, nor does it even mention the word "race." Moore "may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." *Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir. 1992)*. In consequence, Title VII claims must be dismissed as beyond the scope of the administrative charge when the plain language of the charge bears no relation to the particular claim. [*8] *See, e.g., Rush, 966 F.2d at 1111-12* (racial harassment claim beyond the scope of generalized language in EEOC charge); *Whitehead v. AM Intern, Inc., 860 F. Supp. 1280, 1286-89 (N.D. Ill. 1994)* (Title VII sex discrimination and retaliatory discharge claims barred because EEOC charge alleged only racial discrimination); *Hill, 735 F. Supp. at 255* (Title VII sex discrimination claim beyond the scope of discrimination claim based on race and marital status). Accordingly, Moore's race discrimination charge is dismissed with prejudice.

Case 1:08-cv-02687    Document 11-3    Filed 06/10/2008    Page 4 of 6

Page 3
1998 U.S. Dist. LEXIS 2419, *

Rather than present any opposition to the dismissal of the Title VII race discrimination claim, Moore makes the incredible argument that Count II of her complaint also contains claims of gender and pregnancy discrimination in violation of Title VII. Moore asserts that paragraph 1 of her complaint, which reads: "Plaintiff Sandra Moore is a Black female American Citizen and current resident of Denver, Colorado" should be read in conjunction with paragraphs 46-51 of Count II because paragraph 45 incorporates paragraph 1 therein by reference. Paragraph 51, in particular, generally alleges "Ms. Moore was wrongfully discharged in violation of Title VII, [*9] American Disabilites Act [sic], and section 2-102(A) of the Illinois Human Rights Act." In essence, Moore argues that her alleged identity as a black female, combined with the assertion that her termination violated Title VII, is adequate to state claims of gender and pregnancy discrimination.

Although the Federal Rules of notice pleading are liberal; they require a plaintiff to plead facts with more specificity than is evidenced here. *See Panaras v. Liquid Carbonic Indus. Corp., 74 F.3d 786, 792 (7th Cir. 1996)* ("In order to resist the motion to dismiss, the complaint must at least set out facts sufficient to 'outline or adumbrate' the basis of each claim.") In other words, Jewel is entitled to basic notice of the claims alleged. Jewel is not required, as Moore would have it, to guess what Title VII claims might be alleged simply by virtue of a paragraph listing a plaintiff's identifiable characteristics (race, gender, national origin). Otherwise, plaintiffs could allege the full panoply of Title VII claims merely by the perfunctory statement, "I am X, Y and Z and my employer fired me in violation of Title VII." There must be some textual support beyond these generalized abstractions [*10] to state a specific claim under Title VII. Indeed, the federal pleading rules require that a "complaint allege facts that, if proven, would provide an adequate basis for each claim." *Gray v. Dane County, 854 F.2d 179, 182 (7th Cir. 1988).* In this case, the text of the complaint provides no inkling of claims of discrimination on the basis of gender or pregnancy. Indeed, the words "gender" and "pregnancy" are not mentioned in the complaint. Thus, Moore's strained effort to recast her complaint as one containing counts of gender and pregnancy discrimination fails.

### III. ADA CLAIM

Moore alleges discrimination based on her alleged disability, endometriosis, in both Counts II and III. Jewel argues that the claims are barred because they are based on conduct predating the ADA's effective date. The effective date of the ADA was July 26, 1992. *42 U.S.C. § 12111* note -- Effective Date. Moore's ADA claims arise from her tenure as a Jewel cashier from 1984-1987. Her claims are based on events that occurred more than five years before the effective date of the ADA. The ADA does not apply retroactively to employer conduct predating the effective date of the ADA. *See Graehling v.* [*11] *Village of Lombard, 58 F.3d 295, 296 (7th Cir. 1995)* (affirming *Rule 12(b)(6)* dismissal of complaint alleging acts that occurred prior to effective date); *see also Place v. Abbott Laboratories, 938 F. Supp. 1379, 1383-85 (N.D. Ill. 1996)* (summary judgment granted on ADA claim arising before effective date). Accordingly, the ADA claims in Counts II and III must be dismissed.

### IV. IHRA CLAIM

In Counts II and III, Moore also attempts to state a claim for handicap discrimination under section 2-102(A) of the IHRA. *775 ILCS 5/2-102(A).* Jewel argues that Moore's handicap discrimination claim is barred because the court lacks subject matter jurisdiction. The IHRA creates a comprehensive scheme of remedies and administrative procedures to redress human rights violations. The Illinois Department of Human Rights and the Illinois Human Rights Commission work in tandem to administer the IHRA. The Illinois Department of Human Rights is responsible for investigation of Moore's claim and subsequent filing of a complaint before the Illinois Human Rights Commission. *775 ILCS 5/7-101, 102(F).* The Illinois Human Rights Commission adjudicates the complaints. *775 ILCS 5/8-102(G); 775 ILCS* [*12] *5/8A-102, 103.* Under the statutory scheme, claims alleging violations of the IHRA are within the exclusive jurisdiction of the Illinois Human Rights Commission. *775 ILCS 5/8-111(a)(C); Talley v. Washington Inventory Serv., 37 F.3d 310, 311-13 (7th Cir. 1994); Flaherty v. Gas Research Institute, 31 F.3d 451, 459 (7th Cir. 1994); Daulo v. Commonwealth Edison, 938 F. Supp. 1388, 1404 (N.D. Ill. 1996).* Thus, only after Moore has exhausted all remedies available through the Illinois Department of Human Rights and after the Illinois Human Rights Commission has issued a final order may she seek judicial review in the courts. *Talley, 37 F.3d at 313; Daulo, 938 F. Supp. at 1404.*

Despite settled Seventh Circuit law interpreting the exclusive jurisdiction provision of the IHRA, Moore argues "defendant completely fails to grasp the intent of the statute and true meaning of the statutory language." Pl. Resp. at P 10. According to Moore's interpretation of the statutory scheme, Illinois is a dual filing state and therefore she had the option of seeking review either through the Illinois Human Rights Department or the EEOC. Because Moore obtained a right to sue letter from the [*13] EEOC, she argues, she exhausted any applicable administrative procedures. Moore clearly misunderstands the function of the EEOC right to sue letter. With respect to federal discrimination claims, the

EEOC's issuance of a right to sue letter affords her the opportunity to sue in federal court, provided she files the complaint within 90 days of actual receipt. *See 42 U.S.C. § 2000e-5(f)(1)*. An EEOC right to sue letter is irrelevant to her ability to sue on an IHRA claim. The IHRA is the "the exclusive source for redress of alleged human rights violations," such as claims of handicap discrimination. *Mein v. Masonite Corp., 109 Ill. 2d 1, 485 N.E.2d 312, 315, 92 Ill. Dec. 501 (Ill.1985)*. In sum, in order to sue in federal court on her IHRA claim, Moore must have obtained a final order from the Illinois Human Rights Commission. *Talley, 37 F.3d 310 at 312; Flaherty, 31 F.3d at 459*.

Moore submits no proof she received a final order from the IHRA in order to invoke this court's jurisdiction. Nor could she, for the relevant documents submitted by Jewel conclusively demonstrate that her case never reached the final order stage before the Illinois Human Rights Commission. [3] On [*14] May 27, 1992, the IHRA filed a complaint on Moore's behalf alleging handicap discrimination under section 2-102(A). Def. Ex. 2. Moore's claim was scheduled for a hearing on May 19, 1997 before the Illinois Human Rights Commission. Def. Ex. 4. Moore preempted the hearing by filing a motion for voluntary dismissal six days before the scheduled date. Def. Ex. 3. A voluntary dismissal, which is similar to an administrative closing by the Illinois Department of Human Rights, does not constitute a final order. *See, e.g., Falco v. Office Electronics, Inc., 1997 U.S. Dist. LEXIS 14289, No. 97 C 4170, 1997 WL 587660, *2 (N.D. Ill. Sept. 17, 1997); Ibrahim v. Holidays Inn, Inc., 1996 U.S. Dist. LEXIS 5360, No. 95 C 4316, 1996 WL 199743, *6 (N.D. Ill. Apr. 23, 1996); Hill v. Consolidated Rail Corp., 1994 U.S. Dist. LEXIS 13912, No. 94 C 3897, 1994 WL 530894, *3 (N.D. Ill. Sept. 29, 1994)*. If this were not the case, litigants could easily circumvent the exclusive jurisdiction of the Illinois Human Rights Commission by seeking voluntary dismissal before the Commission had the opportunity to hold a hearing on the merits of a complaint. Illinois courts require administrative exhaustion of claims pending before the Illinois Human Rights Commission. *See, e.g., Castaneda* [*15] *v. Illinois Human Rights Commission, 175 Ill. App. 3d 1085, 530 N.E.2d 1005, 1006, 125 Ill. Dec. 596 (Ill. App. Ct. 1988)* (The "doctrine [administrative exhaustion] has been developed to allow full development of the facts before the agency; to allow the agency an opportunity to utilize its expertise; and to permit the aggrieved party to succeed before the agency, rendering judicial review unnecessary.") Accordingly, Moore's handicap discrimination claim under the IHRA is dismissed for lack of subject matter jurisdiction.

3    As this issue pertains to subject matter jurisdiction, this court may look beyond the jurisdictional allegations of the complaint and "view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir.1993)* (per curiam).

### V. § 1983 CLAIM

Moore's complaint contains cryptic allegations of a claim under *§ 1983*. The first reference to *§ 1983* occurs in paragraph 8. The paragraph states: "This action seeks [*16] redress for violation of the rights guaranteed under Title VII, Americans with Disabilities Act [sic], and *42 U.S.C. § 1983*, and the Illinois Human Rights Acts [sic]." Compl. § 8. The only other substantive reference to *§ 1983* appears in the prayer for relief in Count II, where Moore requests an order "declaring that Ms. Moore was discharged in violation of Title VII, Americans with Disabilities Act [sic], as well as *42 U.S.C. § 1983*." Compl. P 51(a). Moore fails to allege even the rudimentary elements of a *§ 1983* claim. As the Supreme Court stated recently, "*§ 1983* basically seeks 'to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights' and to provide related relief." *Richardson v. McKnight, 521 U.S. 399, 138 L. Ed. 2d 540, 117 S. Ct. 2100, 2103 (1997)* (citations omitted). To this end, *§ 1983* "imposes liability only where a person acts 'under color' of a state 'statute, ordinance, regulation, custom, or usage.'" *Id.* "Color of state law" means that wrongful action can be fairly attributed to the state and not a private actor. *Blum v. Yaretsky, 457 U.S. 991, 102 S. Ct. 2777, 2786, 73 L. Ed. 2d 534 (1982)*. [*17] In sum, only state actors are liable under *§ 1983*.

Moore's complaint is devoid of any allegation that would render Jewel a state actor for the purposes of *§ 1983* liability. To be sure, there are limited circumstances where a private actor is subject to *§ 1983* liability. For instance, a private party may be deemed a state actor where it conspires or acts in concert with the state to carry out a common goal to deprive the plaintiff of federally protected rights. *See, e.g., Gramenos v. Jewel Companies, Inc., 797 F.2d 432, 435 (7th Cir. 1986)*. Moore's complaint contains no allegations pertaining to Jewel's status as a state actor. In fact, the only allegation in the complaint pertaining to Jewel's legal status, states: "Jewel is an employer within the meaning of Title VII, American with Disabilities Act [sic], and *42 U.S.C. Section 1983*, and is subject to the provisions of the aforementioned Acts." Compl. P 4. Apart from the fact that *§ 1983* contains no provision defining the term "employer," as differentiated from Title VII and the ADA, this jurisdictional statement is an unequivocal admission that Jewel is a private employer. Moore has plead herself

Case 1:08-cv-02687   Document 11-3   Filed 06/10/2008   Page 6 of 6

Page 5
1998 U.S. Dist. LEXIS 2419, *

straight out of court, [*18] as she makes no allegation that would transform Jewel's private decision to terminate her into state action for the purposes of *§ 1983*. Accordingly, Moore's *§ 1983* claim must be dismissed.

Even assuming a set of facts could be proven that would render Jewel a state actor, the *§ 1983* claim must be dismissed. *Section 1983* claims are subject to a two-year statute of limitations. *Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir. 1993)*. Moore was terminated over ten years prior to filing her complaint. Thus, her *§ 1983* claim is time-barred.

*CONCLUSION*

Jewel's motion to dismiss the complaint pursuant to Federal *Rules 12(b)(1)* and *12(b)(6)* is granted. Moore's complaint is dismissed in its entirety. Moore's Title VII race discrimination charge (Count I) is dismissed with prejudice as beyond the scope of the EEOC complaint. Moore's ADA claims in Counts II and III are dismissed with prejudice as arising before the Act's effective date. Moore's IHRA claim in Counts II and III is dismissed for lack of subject matter jurisdiction. Moore's *§ 1983* claim in Count II is dismissed with prejudice.

ENTER:

Suzanne B. Conlon

United States District Judge

February 27, 1998

[*19] **JUDGMENT IN A CIVIL CASE**

Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that the action is dismissed

Date: 2/27/98