## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ANTHONY T. CALDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08 cv 2687 |
| ) | |
| FRESENIUS MEDICAL CARE OF ) | District Judge Virginia M. Kendall |
| ILLINOIS, LLC, ) | Magistrate Judge Geraldine Soat Brown |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER AND DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendant Bio-Medical Applications of Illinois, Inc., incorrectly identified as Fresenius Medical Care of Illinois, LLC (hereinafter "Bio-Medical") answers Plaintiff Anthony T. Caldwell's Complaint as follows:

**PARAGRAPH NO. 1:**

Caldwell (race – black, sex – male) is a citizen of the State of Illinois residing in Cook Count at 7300 South Shore Drive, Apt. 605, Chicago, Illinois 60649.

**ANSWER:**

Bio- Medical admits Plaintiff's sex is male and his race is black. Bio-Medical is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph No. 1.

**PARAGRAPH NO. 2:**

Defendant fashions itself as the world's largest, integrated provider of products and services for individuals with chronic kidney failure with offices worldwide in North America, Europe, Latin America and Asia – Pacific.

**ANSWER:**

Bio-Medical admits the allegations of Paragraph No. 2.

**PARAGRAPH NO. 3:**

The claims against Defendant are for race discrimination, sex discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act of 1967, 42 U.S.C. § 12101 et seq., and the Civil Rights Act of 1991. Caldwell also brings a claim of race discrimination pursuant to 42 U.S.C. § 1981.

**ANSWER:**

Bio-Medical admits Plaintiff has filed this action alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA") and Section 1981 but denies it violated Title VII, the ADA, Section 1981 or any other law.

**PARAGRAPH NO. 4:**

Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. § 1342 as these claims arise under the laws of the United States of America.

**ANSWER:**

Bio-Medical does not contest jurisdiction in this Court, but denies it engaged in any discriminatory or retaliatory employment practices in violation of Title VII, the ADA, Section 1981, or any other law.

**PARAGRAPH NO. 5:**

Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. § 1332 because Caldwell is a citizen of Illinois, Defendant is a Delaware corporation, with offices around the world, and the amount in controversy exceeds $75,000.

**ANSWER:**

Bio-Medical lacks knowledge or information sufficient to form a belief as to the truth of the allegations that the amount in controversy exceeds $75,000 and that Plaintiff is a citizen of Illinois. Answering further, Bio-Medical does not contest jurisdiction in this Court.

**PARAGRAPH NO. 6:**

Venue is proper in the Northern District of Illinois, Eastern Division by virtue of 28 U.S.C. § 1391 as Caldwell's residence, the Defendant's business and registered agent, and the facts giving rise to this claim are located in the counties served by the Northern District of Illinois, Eastern Division.

**ANSWER:**

Bio-Medical does not contest venue in this Court, but denies it engaged in any discriminatory or retaliatory employment practices in violation of Title VII, the ADA, Section 1981 or any other law.

**COUNT I**
**Plaintiff's Allegations Regarding "Title VII – Race Discrimination"**
**(April 12, 2007 Charge of Discrimination)**

**PARAGRAPH NO. 7:**

Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 6 above.

**ANSWER:**

Bio-Medical has moved to dismiss Count I in its entirety; therefore, it makes no answer to this allegation.

**PARAGRAPH NO. 8:**

Caldwell has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination with the Illinois Department of Human Rights, a true and correct copy of which is hereby attached hereto as Exhibit A and incorporated herein.

**ANSWER:**

Bio-Medical has moved to dismiss Count I in its entirety; therefore, it makes no answer to this allegation.

**PARAGRAPH NO. 9:**

Caldwell has filed this cause pursuant to a Notice of Right to Sue issued by the Equal Employment Opportunity Commission within the statutory requirement, a copy of which is attached hereto as Exhibit B and incorporated herein.

**ANSWER:**

Bio-Medical has moved to dismiss Count I in its entirety; therefore, it makes no answer to this allegation.

**PARAGRAPH NO. 10:**

In direct violation of Title VII, Defendant engaged in the race discriminatory acts described in Exhibit A.

**ANSWER:**

Bio-Medical has moved to dismiss Count I in its entirety; therefore, it makes no answer to this allegation.

**PARAGRAPH NO. 11:**

As a result of Defendant's discriminatory conduct, Caldwell has been damages in his career and has otherwise suffered monetary and non-monetary damages.

**ANSWER:**

Bio-Medical has moved to dismiss Count I in its entirety; therefore, it makes no answer to this allegation.

**PARAGRAPH NO. 12:**

Defendant's discriminatory conduct was intentional and committed with malice and in reckless disregard for Caldwell's rights under the law.

**ANSWER:**

Bio-Medical has moved to dismiss Count I in its entirety; therefore, it makes no answer to this allegation.

## COUNT II
### Plaintiff's Allegations Regarding "Title VII – Sex Discrimination"
### (April 12, 2007 Charge of Discrimination)

**PARAGRAPH NO. 13:**

Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 12 above.

**ANSWER:**

Bio-Medical has moved to dismiss Count II in its entirety; therefore, it makes no answer to this allegation.

**PARAGRAPH NO. 14:**

Defendant, by its agents and employees, engaged in the discriminatory conduct based on Caldwell's sex as described in Exhibit A.

**ANSWER:**

Bio-Medical has moved to dismiss Count II in its entirety; therefore, it makes no answer to this allegation.

## COUNT III
### Plaintiff's Allegations Regarding "Title VII – Race Discrimination"
### (October 2, 2007 Charge of Discrimination)

**PARAGRAPH NO. 15:**

Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 14 above.

**ANSWER:**

Bio-Medical incorporates its answers to paragraphs 1 through 14 above as its answer to Paragraph No. 15.

**PARAGRAPH NO. 16:**

Caldwell has filed his cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination with the Illinois Department of Human Rights, a true and correct copy of which is attached as Exhibit C and incorporated herein.

**ANSWER:**

Bio-Medical admits Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights dated October 2, 2007, alleging race discrimination and retaliation. Bio-Medical further admits that the document attached as Exhibit C is a true and correct copy of Plaintiff's October 2, 2007 Charge of Discrimination. Bio-Medical denies that it engaged in any discriminatory or retaliatory conduct or treatment of Plaintiff, denies that it violated Title VII, and denies the remaining allegations of Paragraph No. 16.

**PARAGRAPH NO. 17:**

Caldwell has filed this cause pursuant to a Notice of Right to Sue issued by the Equal Employment Opportunity Commission within the statutory requirement, a copy of which is attached hereto as Exhibit D and incorporated herein.

**ANSWER:**

Bio-Medical admits the allegations of Paragraph No. 17.

**PARAGRAPH NO. 18:**

In direct violation of Title VII, Defendant engaged in the race discriminatory acts described in Exhibit C.

**ANSWER:**

Bio-Medical denies the allegations of Paragraph No. 18.

**PARAGRAPH NO. 19:**

As a result of Defendant's discriminatory conduct, Caldwell has been damaged in his career and has otherwise suffered monetary and non-monetary damages.

**ANSWER:**

Bio-Medical denies the allegations of Paragraph No. 19.

**PARAGRAPH NO. 20:**

Defendant's discriminatory conduct was intentional and committed with malice and reckless disregard for Caldwell's rights under the law.

**ANSWER:**

Bio-Medical denies the allegations of Paragraph No. 20.

**WHEREFORE PARAGRAPH:**

WHEREFORE, Caldwell pays for judgment against Defendant as follows:

A. For an award of compensatory damages for his injury to his career, backpay, emotional pay and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;
B. For an award of punitive damages;
C. For an award of attorney's fees and costs of this lawsuit; and
D. For such other and further relief as is just and equitable.

**ANSWER:**

Bio-Medical denies that Plaintiff is entitled to any of the relief requested and further denies that it engaged in any unlawful conduct.

### COUNT IV
### Plaintiff's Allegations Regarding "Title VII – Retaliation"
### (October 2, 2007 Charge of Discrimination)

**PARAGRAPH NO. 21:**

Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 20 above.

**ANSWER:**

Bio-Medical incorporates its answers to paragraphs 1 through 20 above as its answer to Paragraph No. 21.

**PARAGRAPH NO. 22:**

Defendant, by its agents and employees, engaged in the retaliatory conduct described in Exhibit C.

**ANSWER:**

Bio-Medical denies the allegations of Paragraph No. 22.

**WHEREFORE PARAGRAPH:**

WHEREFORE, Caldwell pays for judgment against Defendant as follows:

- A. For an award of compensatory damages for his injury to his career, backpay, emotional pay and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;
- B. For lost wages;
- C. For an award of punitive damages;
- D. For an award of attorney's fees and costs of this lawsuit; and
- E. For such other and further relief as is just and equitable.

**ANSWER:**

Bio-Medical denies that Plaintiff is entitled to any of the relief requested and further denies that it engaged in any unlawful conduct.

**COUNT V**
**Plaintiff's Allegations Regarding "Title VII – Race Discrimination"**
**(November 13, 2007 Charge of Discrimination)**

**PARAGRAPH NO. 23:**

Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 22 above.

**ANSWER:**

Bio-Medical incorporates its answers to paragraphs 1 through 22 above as its answer to Paragraph No. 23.

**PARAGRAPH NO. 24:**

Caldwell has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination with the Illinois Department of Human Rights, a true and correct copy of which is attached hereto as Exhibit E and incorporated herein.

**ANSWER:**

Bio-Medical admits Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights dated November 13, 2007, alleging race discrimination and retaliation. Bio-Medical further admits that the document attached as Exhibit E is a true and correct copy of Plaintiff's November 13, 2007 Charge of Discrimination. Bio-Medical denies that it engaged in any discriminatory or retaliatory conduct or treatment of Plaintiff, denies that it violated Title VII, and denies the remaining allegations of Paragraph No. 24.

**PARAGRAPH NO. 25:**

Caldwell has filed this cause pursuant to a Notice of Right to Sue issued by the Equal Employment Opportunity Commission within the statutory requirement, a copy of which is attached hereto as Exhibit F and incorporated herein.

**ANSWER:**

Bio-Medical admits the allegations of Paragraph No. 25.

**PARAGRAPH NO. 26:**

In direct violation of Title VII, Defendant engaged in the race discriminatory acts described in Exhibit E.

**ANSWER:**

Bio-Medical denies the allegations of Paragraph No. 26.

**PARAGRAPH NO. 27:**

As a result of Defendant's discriminatory conduct, Caldwell has been damaged in his career and has otherwise suffered monetary and non-monetary damages.

**ANSWER:**

Bio-Medical denies the allegations of Paragraph No. 27.

**PARAGRAPH NO. 28:**

Defendant's discriminatory conduct was intentional and committed with malice and reckless disregard for Caldwell's rights under the law.

**ANSWER:**

Bio-Medical denies the allegations of Paragraph No. 28.

**WHEREFORE PARAGRAPH:**

WHEREFORE, Caldwell pays for judgment against Defendant as follows:

A. For an award of compensatory damages for his injury to his career, backpay, emotional pay and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;
B. For an award of punitive damages;
C. For lost wages;
D. For an award of attorney's fees and costs of this lawsuit; and
E. For such other and further relief as is just and equitable.

**ANSWER:**

Bio-Medical denies that Plaintiff is entitled to any of the relief requested and further denies that it engaged in any unlawful conduct.

**COUNT VI**
**Plaintiff's Allegations Regarding "Retaliation"**
**(November 13, 2007 Charge of Discrimination)**

**PARAGRAPH NO. 29:**

Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 28 above.

**ANSWER:**

Bio-Medical incorporates its answers to paragraphs 1 through 28 above as its answer to Paragraph No. 29.

**PARAGRAPH NO. 30:**

Defendant, by its agents and employees, engaged in the retaliatory conduct described in Exhibit E.

**ANSWER:**

Bio-Medical denies the allegations of Paragraph No. 30.

**WHEREFORE PARAGRAPH:**

WHEREFORE, Caldwell pays for judgment against Defendant as follows:

A. For an award of compensatory damages for his injury to his career, backpay, emotional pay and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;
B. For an award of punitive damages;
C. For lost wages;
D. For an award of attorney's fees and costs of this lawsuit; and
E. For such other and further relief as is just and equitable.

**ANSWER:**

Bio-Medical denies that Plaintiff is entitled to any of the relief requested and further denies that it engaged in any unlawful conduct.

**COUNT VII**
**Plaintiff's Allegations Regarding "Americans with Disabilities Act"**
**(November 13, 2007 Charge of Discrimination)**

**PARAGRAPH NO. 31:**

Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 30 above.

**ANSWER:**

Bio-Medical incorporates its answers to paragraphs 1 through 30 above as its answer to Paragraph No. 31.

**PARAGRAPH NO. 32:**

In direct violation of the Americans with Disabilities Act of 1967 ("ADA"), 42 U.S.C. § 12101 et seq., Defendant by its agents and employees engaged in the discriminatory acts

described in the Charge of Discrimination, attached hereto as Exhibit E and fully incorporated herein by reference.
'
**ANSWER:**

Bio-Medical admits Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights dated November 13, 2007, alleging disability discrimination. Bio-Medical further admits that the document attached as Exhibit E is a true and correct copy of Plaintiff's November 13, 2007 Charge of Discrimination. Bio-Medical denies it engaged in any discriminatory acts described in Exhibit E, denies that it violated the ADA and Title VII, and denies the remaining allegations of Paragraph No. 32.

**PARAGRAPH NO. 33:**

Defendant's discriminatory conduct was intentional and committed with malice and in reckless disregard for Caldwell's rights under the law.

**ANSWER:**

Bio-Medical denies the allegations of Paragraph No. 33.

**PARAGRAPH NO. 34:**

As a result of Defendant's discriminatory conduct as aforesaid, Caldwell has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981 a.

**ANSWER:**

Bio-Medical denies the allegations of Paragraph No. 34.

**WHEREFORE PARAGRAPH:**

WHEREFORE, Caldwell pays for judgment against Defendant as follows:

    A. For an award of compensatory damages for his injury to his career, backpay, emotional pay and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;
    B. For an award of punitive damages;
    C. For lost wages;

D. For an award of attorney's fees and costs of this lawsuit; and

E. For such other and further relief as is just and equitable.

**ANSWER:**

Bio-Medical denies that Plaintiff is entitled to any of the relief requested and further denies that it engaged in any unlawful conduct.

**COUNT VIII**
**Plaintiff's Allegations Regarding "Americans with Disabilities Act"**
**(November 29, 2007 Charge of Discrimination)**

**PARAGRAPH NO. 35:**

Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 34 above.

**ANSWER:**

Bio-Medical incorporates its answers to paragraphs 1 through 34 above as its answer to Paragraph No. 35.

**PARAGRAPH NO. 36:**

In direct violation of the Americans with Disabilities Act of 1967 ("ADA"), 42 U.S.C. § 12101 et seq., Defendant, by its agents and employees engaged in the discriminatory acts described in the Charge of Discrimination, attached hereto as Exhibit G and fully incorporated herein by reference.

**ANSWER:**

Bio-Medical admits Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights dated November 29, 2007, alleging disability discrimination and retaliation. Bio-Medical further admits that the document attached as Exhibit G is a true and correct copy of Plaintiff's November 29, 2007 Charge of Discrimination. Bio-Medical denies that it engaged in any discriminatory and retaliatory conduct, denies that it violated the ADA and Title VII, and denies the remaining allegations of Paragraph No. 36.

**PARAGRAPH NO. 37:**

As a result of Defendant's discriminatory conduct as aforesaid, Caldwell has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981 a.

**ANSWER:**

Bio-Medical denies the allegations of Paragraph No. 37.

**WHEREFORE PARAGRAPH:**

WHEREFORE, Caldwell pays for judgment against Defendant as follows:

   A. For an award of compensatory damages for his injury to his career, backpay, emotional pay and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;
   B. For an award of punitive damages;
   C. For lost backpay;
   D. For an award of prejudgment interest;
   E. For an award of reinstatement (or, in the alternative, front pay)
   F. For an award of attorney's fees and costs of this lawsuit; and
   G. For such other and further relief as is just and equitable.

**ANSWER:**

Bio-Medical denies that Plaintiff is entitled to any of the relief requested and further denies that it engaged in any unlawful conduct.

## COUNT IX
### Plaintiff's Allegations Regarding "Title VII – Retaliation"
### (November 29, 2007 Charge of Discrimination)

**PARAGRAPH NO. 38:**

Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 37 above.

**ANSWER:**

Bio-Medical incorporates its answers to paragraphs 1 through 37 above as its answer to Paragraph No. 38.

**PARAGRAPH NO. 39:**

Defendant, by its agents and employees, engaged in the retaliatory conduct described in Exhibit G and fully incorporated herein by reference.

**ANSWER:**

Bio-Medical admits Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights dated November 29, 2007, alleging disability discrimination and retaliation. Bio-Medical further admits that the document attached as Exhibit G is a true and correct copy of Plaintiff's November 29, 2007 Charge of Discrimination. Bio-Medical denies it engaged in any discriminatory and retaliatory conduct, denies it violated Title VII and the ADA, and denies the remaining allegations of Paragraph No. 39.

**WHEREFORE PARAGRAPH:**

WHEREFORE, Caldwell pays for judgment against Defendant as follows:

A. For an award of compensatory damages for his injury to his career, backpay, emotional pay and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;
B. For an award of punitive damages;
C. For lost backpay;
D. For an award of prejudgment interest;
E. For an award of reinstatement (or, in the alternative, front pay)
F. For an award of attorney's fees and costs of this lawsuit; and
G. For such other and further relief as is just and equitable.

**ANSWER:**

Bio-Medical denies that Plaintiff is entitled to any of the relief requested and further denies that it engaged in any unlawful conduct.

**COUNT X**
**Plaintiff's Allegations Regarding "Race Discrimination - § 1981"**

**PARAGRAPH NO. 40:**

Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 39 above.

**ANSWER:**

Bio-Medical incorporates its answers to paragraphs 1 through 39 above as its answer to Paragraph No. 40

**PARAGRAPH NO. 41:**

As a result of Defendant's discriminatory conduct, Caldwell has been damages in his career and has otherwise suffered monetary and non-monetary damages.

**ANSWER:**

Bio-Medical denies the allegations of Paragraph No. 41.

**PARAGRAPH NO. 42:**

Defendant's discriminatory conduct was intentional and committed with malice and in reckless disregard for Caldwell's rights under the law.

**ANSWER:**

Bio-Medical denies the allegations of Paragraph No. 42.

**WHEREFORE PARAGRAPH:**

WHEREFORE, Caldwell pays for judgment against Defendant as follows:

A. For an award of compensatory damages for his injury to his career, backpay, emotional pay and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;
B. For an award of punitive damages;
C. For lost backpay;
D. For an award of prejudgment interest;
E. For an award of reinstatement (or, in the alternative, front pay)
F. For an award of attorney's fees and costs of this lawsuit; and
G. For such other and further relief as is just and equitable.

**ANSWER:**

Bio-Medical denies that Plaintiff is entitled to any of the relief requested and further denies that it engaged in any unlawful conduct.

\*                             \*                             \*

## BIO-MEDICAL'S AFFIRMATIVE DEFENSES

By way of affirmative defenses, Bio-Medical avers as follows:

### FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff purports to assert claims of discrimination under Title VII and the ADA that are not included in the Charges of Discrimination that he filed with the IDHR or for which he has not obtained a Notice of Right to Sue from the EEOC, Plaintiff has failed to exhaust his administrative remedies.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff claims discrimination and retaliation which occurred more than 300 days before he filed his charges of discrimination, such claims are time-barred.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred to the extent that he has failed to diligently seek other employment or to otherwise mitigate his damages.

### FOURTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that Plaintiff is able to establish that his sex played any part in any decisions of which he complains in his Complaint, Bio-Medical would have made the same decisions even in the absence of any unlawful consideration.

### FIFTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that Plaintiff is able to establish that his race played any part in any decisions of which he complains in his Complaint, Bio-Medical would have made the same decisions even in the absence of any unlawful consideration.

### SIXTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that Plaintiff is able to establish that his disability played any part in any decisions of which he complains in his Complaint, Bio-Medical would have made the same decisions even in the absence of any unlawful consideration.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages must be eliminated or reduced to the extent that he is, has been, or will be compensated from collateral sources.

### EIGHTH AFFIRMATIVE DEFENSE

Bio-Medical engaged in good faith efforts to comply with Title VII, and therefore cannot be held liable for punitive damages.

### NINETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that he withdrew certain of his allegations during the proceedings before the Illinois Department of Human Rights.

*          *          *

**WHEREFORE,** the Complaint should be dismissed with prejudice and Bio-Medical awarded its costs and any such relief the Court deems just and reasonable.

Dated: June 10, 2008                **BIO-MEDICAL APPLICATIONS OF ILLINOIS, INC.**

By: /s/ Nadine C. Abrahams
      One of Its Attorneys

Nadine C. Abrahams (abrahamn@jacksonlewis.com)
Sara A. Weinberg (weinbers@jacksonlewis.com)
Jackson Lewis LLP
320 W. Ohio Street, Suite 500
Chicago, IL  60610
Tel:  (312) 787-4949
Fax:  (312) 787-4995

## **CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies that on **June 10, 2008**, she caused the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system, including:

Barry A. Gomberg<br>
Brian S. Schwartz<br>
Barry A. Gomberg & Associates, Ltd.<br>
53 W. Jackson Blvd., Suite 1350<br>
Chicago, Illinois 60604

Dated: June 10, 2008             By:    /s/ Nadine C. Abrahams
                                                   Nadine C. Abrahams