# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY T. CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08 cv 2687 |
| | ) | |
| RENAL CARE GROUP, INC., | ) | District Judge Virginia M. Kendall |
| | ) | Magistrate Judge Geraldine Soat Brown |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND DEFENSES
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Renal Care Group, Inc., (hereinafter "RCG") answers Plaintiff Anthony T.

Caldwell's First Amended Complaint as follows:

## PARAGRAPH NO. 1:

Caldwell (race – black, sex – male) is a citizen of the State of Illinois residing in Cook

Count at 7300 South Shore Drive, Apt. 605, Chicago, Illinois 60649.

## ANSWER:

RCG admits Plaintiff's sex is male and his race is black.  RCG is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph

No. 1.

## PARAGRAPH NO. 2:

Defendant fashions itself as the world's largest, integrated provider of products and
services for individuals with chronic kidney failure with offices worldwide in North America,
Europe, Latin America and Asia – Pacific.

## ANSWER:

RCG admits the allegations of Paragraph No. 2.

**PARAGRAPH NO. 3:**

The claims against Defendant are for race discrimination, sex discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act of 1967, 42 U.S.C. § 12101 et seq., and the Civil Rights Act of 1991. Caldwell also brings a claim of race discrimination pursuant to 42 U.S.C. § 1981.

**ANSWER:**

RCG admits Plaintiff has filed this action alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA") and Section 1981 but denies it violated Title VII, the ADA, Section 1981 or any other law.

**PARAGRAPH NO. 4:**

Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. § 1342 as these claims arise under the laws of the United States of America.

**ANSWER:**

RCG does not contest jurisdiction in this Court, but denies it engaged in any discriminatory or retaliatory employment practices in violation of Title VII, the ADA, Section 1981, or any other law.

**PARAGRAPH NO. 5:**

Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. § 1332 because Caldwell is a citizen of Illinois, Defendant is a Delaware corporation, with offices around the world, and the amount in controversy exceeds $75,000.

**ANSWER:**

RCG lacks knowledge or information sufficient to form a belief as to the truth of the allegations that the amount in controversy exceeds $75,000 and that Plaintiff is a citizen of Illinois. Answering further, RCG does not contest jurisdiction in this Court.

**PARAGRAPH NO. 6:**

Venue is proper in the Northern District of Illinois, Eastern Division by virtue of 28 U.S.C. § 1391 as Caldwell's residence, the Defendant's business and registered agent, and the facts giving rise to this claim are located in the counties served by the Northern District of Illinois, Eastern Division.

**ANSWER:**

RCG does not contest venue in this Court, but denies it engaged in any discriminatory or

retaliatory employment practices in violation of Title VII, the ADA, Section 1981 or any other

law.

**COUNT I**
**Plaintiff's Allegations Regarding "Title VII – Race Discrimination"**
**(April 12, 2007 Charge of Discrimination)**

**PARAGRAPH NO. 7:**

Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 6 above.

**ANSWER:**

RCG incorporates its answers to paragraphs 1 through 6 above as its answer to Paragraph

No. 7.

**PARAGRAPH NO. 8:**

Caldwell has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination with the Illinois Department of Human rights, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein.

**ANSWER:**

RCG admits Plaintiff filed a Charge of Discrimination with the Illinois Department of

Human Rights dated April 12, 2007 that contained three claims that RCG engaged in

discriminatory conduct based on race: (1) harassment based on race; (2) failure to promote on

March 19, 2007 based on race; and (3) involuntary transfer, March 19, 2007, based on race.

RCG further admits that the document attached as Exhibit A is a true and correct copy of

Plaintiff's April 12, 2007 Charge of Discrimination. Pursuant to a stipulation entered into between the parties and filed on August 11, 2008, Plaintiff is not pursuing his claim of harassment based on race and his claim of failure to promote on March 19, 2007 based on race. RCG denies that it engaged in any discriminatory conduct or treatment of Plaintiff, denies that it violated Title VII, and denies the remaining allegations of Paragraph No. 8.

**PARAGRAPH NO. 9:**

Caldwell has filed this cause pursuant to a Notice of Right to Sue issued by the Equal Employment Opportunity Commission within the statutory requirement, a copy of which is attached hereto as Exhibit B and incorporated herein.

**ANSWER:**

RCG admits the allegations of Paragraph No. 9.

**PARAGRAPH NO. 10:**

In direct violation of Title VII, Defendant engaged in the race discriminatory acts described in Exhibit A.

**ANSWER:**

Pursuant to a stipulation entered into between the parties and filed on August 11, 2008, Plaintiff is not pursuing his claim of harassment based on race and his claim of failure to promote on March 19, 2007 based on race. RCG denies that it engaged in any discriminatory conduct or treatment of Plaintiff, denies that it violated Title VII, and denies the remaining allegations of Paragraph No. 10.

**PARAGRAPH NO. 11:**

As a result of Defendant's discriminatory conduct, Caldwell has been damages in his career and has otherwise suffered monetary and non-monetary damages.

**ANSWER:**

RCG denies the allegations of Paragraph No. 11.

**PARAGRAPH NO. 12:**

Defendant's discriminatory conduct was intentional and committed with malice and in reckless disregard for Caldwell's rights under the law.

**ANSWER:**

RCG denies the allegations of Paragraph No. 12.

**WHEREFORE PARAGRAPH:**

WHEREFORE, Caldwell pays for judgment against Defendant as follows:

    A. For an award of compensatory damages for his injury to his career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;
    B. For an award of punitive damages;
    C. For an award of attorney's fees and costs of this lawsuit; and
    D. For such other and further relief as is just and equitable.

**ANSWER:**

RCG denies that Plaintiff is entitled to any of the relief requested and further denies that it engaged in any unlawful conduct.

**COUNT II**
**Plaintiff's Allegations Regarding "Title VII – Sex Discrimination"**
**(April 12, 2007 Charge of Discrimination)**

**PARAGRAPH NO. 13:**

Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 12 above.

**ANSWER:**

RCG incorporates its answers to paragraphs 1 through 12 above as its answer to Paragraph No. 13.

**PARAGRAPH NO. 14:**

Defendant, by its agents and employees, engaged in the discriminatory conduct based on Caldwell's sex as described in Exhibit A.

**ANSWER:**

RCG admits Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights dated April 12, 2007 that contained three claims that RCG engaged in discriminatory conduct based on sex: (1) harassment based on sex; (2) failure to promote on March 19, 2007 based on sex; and (3) involuntary transfer on March 19, 2007 based on sex. RCG further admits that the document attached as Exhibit A is a true and correct copy of Plaintiff's April 12, 2007 Charge of Discrimination. Pursuant to a stipulation entered into between the parties and filed on August 11, 2008, Plaintiff is not pursuing his claim of failure to promote on March 19, 2007 based on sex and his claim of involuntary transfer on March 19, 2007 based on sex. RCG denies that it engaged in any discriminatory conduct or treatment of Plaintiff, denies that it violated Title VII, and denies the remaining allegations of Paragraph No. 14.

**WHEREFORE PARAGRAPH:**

WHEREFORE, Caldwell pays for judgment against Defendant as follows:

    A. For an award of compensatory damages for his injury to his career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;
    B. For an award of punitive damages;
    C. For an award of attorney's fees and costs of this lawsuit; and
    D. For such other and further relief as is just and equitable.

**ANSWER:**

RCG denies that Plaintiff is entitled to any of the relief requested and further denies that it engaged in any unlawful conduct.

**COUNT III**
**Plaintiff's Allegations Regarding "Title VII – Race Discrimination"**
**(October 2, 2007 Charge of Discrimination)**

**PARAGRAPH NO. 15:**

Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 14 above.

**ANSWER:**

RCG incorporates its answers to paragraphs 1 through 14 above as its answer to Paragraph No. 15.

**PARAGRAPH NO. 16:**

Caldwell has filed his cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination with the Illinois Department of Human Rights, a true and correct copy of which is attached as Exhibit C and incorporated herein.

**ANSWER:**

RCG admits Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights dated October 2, 2007, alleging race discrimination and retaliation. RCG further admits that the document attached as Exhibit C is a true and correct copy of Plaintiff's October 2, 2007 Charge of Discrimination. RCG denies that it engaged in any discriminatory or retaliatory conduct or treatment of Plaintiff, denies that it violated Title VII, and denies the remaining allegations of Paragraph No. 16.

**PARAGRAPH NO. 17:**

Caldwell has filed this cause pursuant to a Notice of Right to Sue issued by the Equal Employment Opportunity Commission within the statutory requirement, a copy of which is attached hereto as Exhibit D and incorporated herein.

**ANSWER:**

RCG admits the allegations of Paragraph No. 17.

**PARAGRAPH NO. 18:**

In direct violation of Title VII, Defendant engaged in the race discriminatory acts described in Exhibit C.

**ANSWER:**

RCG denies the allegations of Paragraph No. 18.

**PARAGRAPH NO. 19:**

As a result of Defendant's discriminatory conduct, Caldwell has been damaged in his career and has otherwise suffered monetary and non-monetary damages.

**ANSWER:**

RCG denies the allegations of Paragraph No. 19.

**PARAGRAPH NO. 20:**

Defendant's discriminatory conduct was intentional and committed with malice and reckless disregard for Caldwell's rights under the law.

**ANSWER:**

RCG denies the allegations of Paragraph No. 20.

**WHEREFORE PARAGRAPH:**

WHEREFORE, Caldwell pays for judgment against Defendant as follows:

A. For an award of compensatory damages for his injury to his career, backpay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;
B. For an award of punitive damages;
C. For an award of attorney's fees and costs of this lawsuit; and
D. For such other and further relief as is just and equitable.

**ANSWER:**

RCG denies that Plaintiff is entitled to any of the relief requested and further denies that it engaged in any unlawful conduct.

## COUNT IV
### Plaintiff's Allegations Regarding "Title VII – Retaliation"
### (October 2, 2007 Charge of Discrimination)

**PARAGRAPH NO. 21:**

Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 20 above.

**ANSWER:**

RCG incorporates its answers to paragraphs 1 through 20 above as its answer to Paragraph No. 21.

**PARAGRAPH NO. 22:**

Defendant, by its agents and employees, engaged in the retaliatory conduct described in Exhibit C.

**ANSWER:**

RCG denies the allegations of Paragraph No. 22.

**WHEREFORE PARAGRAPH:**

WHEREFORE, Caldwell pays for judgment against Defendant as follows:

    A. For an award of compensatory damages for his injury to his career, backpay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;
    B. For lost wages;
    C. For an award of punitive damages;
    D. For an award of attorney's fees and costs of this lawsuit; and
    E. For such other and further relief as is just and equitable.

**ANSWER:**

RCG denies that Plaintiff is entitled to any of the relief requested and further denies that it engaged in any unlawful conduct.

<u>**COUNT V**</u>
<u>**Plaintiff's Allegations Regarding "Title VII – Race Discrimination"**</u>
<u>**(November 13, 2007 Charge of Discrimination)**</u>

**<u>PARAGRAPH NO. 23:</u>**

Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 22 above.

**<u>ANSWER:</u>**

RCG incorporates its answers to paragraphs 1 through 22 above as its answer to Paragraph No. 23.

**<u>PARAGRAPH NO. 24:</u>**

Caldwell has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination with the Illinois Department of Human Rights, a true and correct copy of which is attached hereto as Exhibit E and incorporated herein.

**<u>ANSWER:</u>**

RCG admits Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights dated November 13, 2007, alleging race discrimination and retaliation. RCG further admits that the document attached as Exhibit E is a true and correct copy of Plaintiff's November 13, 2007 Charge of Discrimination. RCG denies that it engaged in any discriminatory or retaliatory conduct or treatment of Plaintiff, denies that it violated Title VII, and denies the remaining allegations of Paragraph No. 24.

**<u>PARAGRAPH NO. 25:</u>**

Caldwell has filed this cause pursuant to a Notice of Right to Sue issued by the Equal Employment Opportunity Commission within the statutory requirement, a copy of which is attached hereto as Exhibit F and incorporated herein.

**<u>ANSWER:</u>**

RCG admits the allegations of Paragraph No. 25.

**PARAGRAPH NO. 26:**

In direct violation of Title VII, Defendant engaged in the race discriminatory acts described in Exhibit E.

**ANSWER:**

RCG denies the allegations of Paragraph No. 26.

**PARAGRAPH NO. 27:**

As a result of Defendant's discriminatory conduct, Caldwell has been damaged in his career and has otherwise suffered monetary and non-monetary damages.

**ANSWER:**

RCG denies the allegations of Paragraph No. 27.

**PARAGRAPH NO. 28:**

Defendant's discriminatory conduct was intentional and committed with malice and reckless disregard for Caldwell's rights under the law.

**ANSWER:**

RCG denies the allegations of Paragraph No. 28.

**WHEREFORE PARAGRAPH:**

WHEREFORE, Caldwell pays for judgment against Defendant as follows:

    A. For an award of compensatory damages for his injury to his career, backpay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;
    B. For an award of punitive damages;
    C. For lost wages;
    D. For an award of attorney's fees and costs of this lawsuit; and
    E. For such other and further relief as is just and equitable.

**ANSWER:**

RCG denies that Plaintiff is entitled to any of the relief requested and further denies that

it engaged in any unlawful conduct.

## COUNT VI
### Plaintiff's Allegations Regarding "Retaliation"
### (November 13, 2007 Charge of Discrimination)

**PARAGRAPH NO. 29:**

Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 28 above.

**ANSWER:**

RCG incorporates its answers to paragraphs 1 through 28 above as its answer to Paragraph No. 29.

**PARAGRAPH NO. 30:**

Defendant, by its agents and employees, engaged in the retaliatory conduct described in Exhibit E.

**ANSWER:**

RCG denies the allegations of Paragraph No. 30.

**WHEREFORE PARAGRAPH:**

WHEREFORE, Caldwell pays for judgment against Defendant as follows:

   A. For an award of compensatory damages for his injury to his career, backpay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;
   B. For an award of punitive damages;
   C. For lost wages;
   D. For an award of attorney's fees and costs of this lawsuit; and
   E. For such other and further relief as is just and equitable.

**ANSWER:**

RCG denies that Plaintiff is entitled to any of the relief requested and further denies that it engaged in any unlawful conduct.

## COUNT VII
## Plaintiff's Allegations Regarding "Americans with Disabilities Act"
## (November 13, 2007 Charge of Discrimination)

**PARAGRAPH NO. 31:**

Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 30 above.

**ANSWER:**

RCG incorporates its answers to paragraphs 1 through 30 above as its answer to Paragraph No. 31.

**PARAGRAPH NO. 32:**

In direct violation of the Americans with Disabilities Act of 1967 ("ADA"), 42 U.S.C. § 12101 et seq., Defendant by its agents and employees engaged in the discriminatory acts described in the Charge of Discrimination, attached hereto as Exhibit E and fully incorporated herein by reference.
'

**ANSWER:**

RCG admits Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights dated November 13, 2007, alleging disability discrimination.  RCG further admits that the document attached as Exhibit E is a true and correct copy of Plaintiff's November 13, 2007 Charge of Discrimination.  RCG denies it engaged in any discriminatory acts described in Exhibit E, denies that it violated the ADA and Title VII, and denies the remaining allegations of Paragraph No. 32.

**PARAGRAPH NO. 33:**

Defendant's discriminatory conduct was intentional and committed with malice and in reckless disregard for Caldwell's rights under the law.

**ANSWER:**

RCG denies the allegations of Paragraph No. 33.

**PARAGRAPH NO. 34:**

As a result of Defendant's discriminatory conduct as aforesaid, Caldwell has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981 a.

**ANSWER:**

RCG denies the allegations of Paragraph No. 34.

**WHEREFORE PARAGRAPH:**

WHEREFORE, Caldwell pays for judgment against Defendant as follows:

A. For an award of compensatory damages for his injury to his career, backpay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;
B. For an award of punitive damages;
C. For lost wages;
D. For an award of attorney's fees and costs of this lawsuit; and
E. For such other and further relief as is just and equitable.

**ANSWER:**

RCG denies that Plaintiff is entitled to any of the relief requested and further denies that it engaged in any unlawful conduct.

### COUNT VIII
### Plaintiff's Allegations Regarding "Americans with Disabilities Act"
### (November 29, 2007 Charge of Discrimination)

**PARAGRAPH NO. 35:**

Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 34 above.

**ANSWER:**

RCG incorporates its answers to paragraphs 1 through 34 above as its answer to Paragraph No. 35.

**PARAGRAPH NO. 36:**

In direct violation of the Americans with Disabilities Act of 1967 ("ADA"), 42 U.S.C. § 12101 et seq., Defendant, by its agents and employees engaged in the discriminatory acts described in the Charge of Discrimination, attached hereto as Exhibit G and fully incorporated herein by reference.

**ANSWER:**

RCG admits Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights dated November 29, 2007, alleging disability discrimination and retaliation. RCG further admits that the document attached as Exhibit G is a true and correct copy of Plaintiff's November 29, 2007 Charge of Discrimination. RCG denies that it engaged in any discriminatory and retaliatory conduct, denies that it violated the ADA and Title VII, and denies the remaining allegations of Paragraph No. 36.

**PARAGRAPH NO. 37:**

As a result of Defendant's discriminatory conduct as aforesaid, Caldwell has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981 a.

**ANSWER:**

RCG denies the allegations of Paragraph No. 37.

**WHEREFORE PARAGRAPH:**

WHEREFORE, Caldwell pays for judgment against Defendant as follows:

A. For an award of compensatory damages for his injury to his career, backpay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;
B. For an award of punitive damages;
C. For lost backpay;
D. For an award of prejudgment interest;
E. For an award of reinstatement (or, in the alternative, front pay)
F. For an award of attorney's fees and costs of this lawsuit; and
G. For such other and further relief as is just and equitable.

**ANSWER:**

RCG denies that Plaintiff is entitled to any of the relief requested and further denies that it engaged in any unlawful conduct.

**COUNT IX**
**Plaintiff's Allegations Regarding "Title VII – Retaliation"**
**(November 29, 2007 Charge of Discrimination)**

**PARAGRAPH NO. 38:**

Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 37 above.

**ANSWER:**

RCG incorporates its answers to paragraphs 1 through 37 above as its answer to Paragraph No. 38.

**PARAGRAPH NO. 39:**

Defendant, by its agents and employees, engaged in the retaliatory conduct described in Exhibit G and fully incorporated herein by reference.

**ANSWER:**

RCG admits Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights dated November 29, 2007, alleging disability discrimination and retaliation. RCG further admits that the document attached as Exhibit G is a true and correct copy of Plaintiff's November 29, 2007 Charge of Discrimination. RCG denies it engaged in any discriminatory and retaliatory conduct, denies it violated Title VII and the ADA, and denies the remaining allegations of Paragraph No. 39.

**WHEREFORE PARAGRAPH:**

WHEREFORE, Caldwell pays for judgment against Defendant as follows:

A. For an award of compensatory damages for his injury to his career, backpay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;
B. For an award of punitive damages;
C. For lost backpay;
D. For an award of prejudgment interest;
E. For an award of reinstatement (or, in the alternative, front pay)
F. For an award of attorney's fees and costs of this lawsuit; and
G. For such other and further relief as is just and equitable.

**ANSWER:**

RCG denies that Plaintiff is entitled to any of the relief requested and further denies that it engaged in any unlawful conduct.

## COUNT X
### Plaintiff's Allegations Regarding "Race Discrimination - § 1981"

**PARAGRAPH NO. 40:**

Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 38 above.

**ANSWER:**

RCG incorporates its answers to paragraphs 1 through 38 above as its answer to Paragraph No. 40.

**PARAGRAPH NO. 41:**

As a result of Defendant's discriminatory conduct, Caldwell has been damages in his career and has otherwise suffered monetary and non-monetary damages.

**ANSWER:**

RCG denies the allegations of Paragraph No. 41.

**PARAGRAPH NO. 42:**

Defendant's discriminatory conduct was intentional and committed with malice and in reckless disregard for Caldwell's rights under the law.

17

**<u>ANSWER:</u>**

RCG denies the allegations of Paragraph No. 42.

**<u>WHEREFORE PARAGRAPH:</u>**

WHEREFORE, Caldwell pays for judgment against Defendant as follows:

A. For an award of compensatory damages for his injury to his career, backpay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;
B. For an award of punitive damages;
C. For lost backpay;
D. For an award of prejudgment interest;
E. For an award of reinstatement (or, in the alternative, front pay)
F. For an award of attorney's fees and costs of this lawsuit; and
G. For such other and further relief as is just and equitable.

**<u>ANSWER:</u>**

RCG denies that Plaintiff is entitled to any of the relief requested and further denies that it engaged in any unlawful conduct.

*     *     *

<b><u>RCG'S AFFIRMATIVE DEFENSES</u></b>

By way of affirmative defenses, RCG avers as follows:

<b><u>FIRST AFFIRMATIVE DEFENSE</u></b>

To the extent Plaintiff purports to assert claims of discrimination under Title VII and the ADA that are not included in the Charges of Discrimination that he filed with the IDHR or for which he has not obtained a Notice of Right to Sue from the EEOC, Plaintiff has failed to exhaust his administrative remedies.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff claims discrimination and retaliation which occurred more than 300 days before he filed his charges of discrimination, such claims are time-barred.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred to the extent that he has failed to diligently seek other employment or to otherwise mitigate his damages.

### FOURTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that Plaintiff is able to establish that his sex played any part in any decisions of which he complains in his Complaint, RCG would have made the same decisions even in the absence of any unlawful consideration.

### FIFTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that Plaintiff is able to establish that his race played any part in any decisions of which he complains in his Complaint, RCG would have made the same decisions even in the absence of any unlawful consideration.

### SIXTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that Plaintiff is able to establish that his disability played any part in any decisions of which he complains in his Complaint, RCG would have made the same decisions even in the absence of any unlawful consideration.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages must be eliminated or reduced to the extent that he is, has been, or will be compensated from collateral sources.

### EIGHTH AFFIRMATIVE DEFENSE

RCG engaged in good faith efforts to comply with Title VII, and therefore cannot be held liable for punitive damages.

*         *         *

**WHEREFORE,** the Amended Complaint should be dismissed with prejudice and RCG awarded its costs and any such relief the Court deems just and reasonable.

Dated: August 12, 2008                         **RENAL CARE GROUP, INC.**

By:  /s/ Nadine C. Abrahams
                                                                One of Its Attorneys

Nadine C. Abrahams (abrahamn@jacksonlewis.com)
Sara A. Weinberg (weinbers@jacksonlewis.com)
Jackson Lewis LLP
320 W. Ohio Street, Suite 500
Chicago, IL  60610
Tel:  (312) 787-4949
Fax:  (312) 787-4995

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on **August 12, 2008**, she caused the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's First Amended Complaint to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system, including:

Barry A. Gomberg
Brian S. Schwartz
Barry A. Gomberg & Associates, Ltd.
53 W. Jackson Blvd., Suite 1350
Chicago, Illinois 60604

Dated: August 12, 2008                    By:    /s/ Nadine C. Abrahams
                                                         Nadine C. Abrahams