**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY T. CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | No.  08 C 2687 |
| | ) | |
| v. | ) | Judge Kendall |
| | ) | Magistrate Judge Soat Brown |
| | ) | |
| RENAL CARE GROUP, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**SECOND AMENDED COMPLAINT**

NOW COMES Plaintiff Anthony T. Caldwell ("Caldwell'), by and through his attorneys, Barry A. Gomberg & Associates, Ltd., and as and for his Second Amended Complaint against the Defendant as follows:

**PARTIES**

1.    Caldwell (race – black, sex - male), is a citizen of the State of Illinois residing in Cook County at 7300 South Shore Drive, Apt. 605, Chicago, Illinois 60649.

2.    Defendant fashions itself as the world's largest, integrated provider of products and services for individuals with chronic kidney failure with offices world wide in North America, Europe, Latin America and Asia – Pacific.

**JURISDICTION AND VENUE**

3.    The claims against Defendant are for race discrimination, sex discrimination and retaliation pursuant to Title VII of the Civil Right Act of 1964, as amended, 42 U.S.C. § 2000e et eq., the Americans with Disabilities Act of 1967, 42 U.S.C. § 12101 et seq., and the Civil Rights Act of 1991.  Caldwell also brings a claim of race discrimination pursuant to 42 U.S.C. § 1981.

4.      Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. § 1343 as these claims arise under the laws of the United States of America.

5.      Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. § 1332 because Caldwell is a citizen of Illinois, Defendant is a Delaware corporation, with offices around the world, and the amount in controversy exceeds $75,000.

6.      Venue is proper in the Northern District of Illinois, Eastern Division by virtue of 28 U.S.C. § 1391 as Caldwell's residence, the Defendant's business and registered agent, and the facts giving rise to this claim are located in the counties served by the Northern District of Illinois, Eastern Division.

## COUNT I – TITLE VII – RACE DISCRIMINATION
### (April 12, 2007 Charge of Discrimination)

7.      Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 6 above.

8.      Caldwell has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination with the Illinois Department of Human Rights, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein.

9.      Caldwell has filed this cause pursuant to a Notice of Right to Sue issued by the Equal Employment Opportunity Commission within the statutory requirement, a copy of which is attached hereto as Exhibit B and incorporated herein.

10.     In direct violation of Title VII, Defendant engaged in the race discriminatory act of involuntarily transferring Plaintiff to its Northwestern Memorial Hospital facility on or about March 19, 2007.  Similarly situated non-African-American employees were not transferred against their wishes.

2

11.     As a result of Defendant's discriminatory conduct, Caldwell has been damaged in his career and has otherwise suffered monetary and non-monetary damages.

12.     Defendant's discriminatory conduct was intentional and committed with malice and in reckless disregard for Caldwell's rights under the law.

WHEREFORE, Caldwell prays for judgment against Defendant as follows:

A.     For an award of compensatory damages for his injury to his career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

B.     For an award of punitive damages;

C.     For an award of attorney's fees and costs of this lawsuit; and

D.     For such other and further relief as is just and equitable.

### COUNT II – TITLE VII – SEX DISCRIMINATION
(April 12, 2007 Charge of Discrimination)

13.     Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 12 above.

14.     Defendant, by its agents and employees, discriminated against Plaintiff by harassing him based on his sex from approximately November 2006 through April 2007 as set forth in section I.B.3. of his April 12, 2007 Charge of Discrimination attached hereto as Exhibit A.

WHEREFORE, Caldwell prays for judgment against Defendant as follows:

A.     For an award of compensatory damages for his injury to his career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

B.     For lost wages;

C.      For an award of punitive damages;

D.      For an award of attorney's fees and costs of this lawsuit; and

E.      For such other and further relief as is just and equitable.

### COUNT III – TITLE VII – RACE DISCRIMINATION
### (October 2, 2007 Charge of Discrimination)

15.      Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 14 above.

16.      Caldwell has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination with the Illinois Department of Human Rights, a true and correct copy of which is attached hereto as Exhibit C and incorporated herein.

17.      Caldwell has filed this cause pursuant to a Notice of Right to Sue issued by the Equal Employment Opportunity Commission within the statutory requirement, a copy of which is attached hereto as Exhibit D and incorporated herein.

18.      In direct violation of Title VII, Defendant engaged in the race discriminatory acts described in Exhibit C.

19.      As a result of Defendant's discriminatory conduct, Caldwell has been damaged in his career and has otherwise suffered monetary and non-monetary damages.

20.      Defendant's discriminatory conduct was intentional and committed with malice and in reckless disregard for Caldwell's rights under the law.

WHEREFORE, Caldwell prays for judgment against Defendant as follows:

A.      For an award of compensatory damages for his injury to his career, backpay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

B.     For an award of punitive damages;

C.     For an award of attorney's fees and costs of this lawsuit; and

D.     For such other and further relief as is just and equitable.

### COUNT IV – TITLE VII – RETALIATION
### (October 2, 2007 Charge of Discrimination)

21.    Caldwell re-alleges and incorporates as if fully set forth herein paragraphs

1 through 20 above.

22.    Defendant, by its agents and employees, engaged in the retaliatory conduct

described in Exhibit C.

WHEREFORE, Caldwell prays for judgment against Defendant as follows:

A.     For an award of compensatory damages for his injury to his career,

backpay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment

of life, and other non-pecuniary damages and fringe benefits;

B.     For lost wages;

C.     For an award of punitive damages;

D.     For an award of attorney's fees and costs of this lawsuit; and

E.     For such other and further relief as is just and equitable.

### COUNT V – TITLE VII – RACE DISCRIMINATION
### (November 13, 2007 Charge of Discrimination)

23.    Caldwell re-alleges and incorporates as if fully set forth herein paragraphs

1 through 22 above.

24.    Caldwell has filed this cause subsequent to the timely filing of a Charge of

Discrimination based on race discrimination with the Illinois Department of Human

Rights, a true and correct copy of which is attached hereto as Exhibit E and incorporated herein.

25.     Caldwell has filed this cause pursuant to a Notice of Right to Sue issued by the Equal Employment Opportunity Commission within the statutory requirement, a copy of which is attached hereto as Exhibit F and incorporated herein.

26.     In direct violation of Title VII, Defendant engaged in the race discriminatory acts described in Exhibit E.

27.     As a result of Defendant's discriminatory conduct, Caldwell has been damaged in his career and has otherwise suffered monetary and non-monetary damages.

28.     Defendant's discriminatory conduct was intentional and committed with malice and in reckless disregard for Caldwell's rights under the law.

WHEREFORE, Caldwell prays for judgment against Defendant as follows:

A.     For an award of compensatory damages for his injury to his career, backpay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

B.     For an award of punitive damages;

C.     For lost wages;

D.     For an award of attorney's fees and costs of this lawsuit; and

E.     For such other and further relief as is just and equitable.

**COUNT VI – RETALIATION**
**(November 13, 2007 Charge of Discrimination)**

29.    Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 28 above.

30.    Defendant, by its agents and employees, engaged in the retaliatory conduct described in Exhibit E.

WHEREFORE, Caldwell prays for judgment against Defendant as follows:

A.    For an award of compensatory damages for his injury to his career, backpay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

B.    For an award of punitive damages;

C.    For lost wages;

D.    For an award of attorney's fees and costs of this lawsuit; and

E.    For such other and further relief as is just and equitable.

**COUNT VII – AMERICANS WITH DISABILITIES ACT**
**(November 13, 2007 Charge of Discrimination)**

31.    Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 30 above.

32.    In direct violation of the Americans with Disabilities Act of 1967 ("ADA"), 42 U.S.C. § 12101 et seq., Defendant, by its agents and employees engaged in the discriminatory acts described in the Charge of Discrimination, attached hereto as Exhibit E and fully incorporated herein by reference.

33.    Defendant's discriminatory conduct was intentional and committed with malice and in reckless disregard for Caldwell's rights under the law.

7

34.     As a result of Defendant's discriminatory conduct as aforesaid, Caldwell has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981 a.

WHEREFORE, Caldwell prays for judgment against Defendant as follows:

A.     For an award of compensatory damages for his injury to his career, backpay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

B.     For an award of punitive damages;

C.     For lost wages;

D.     For an award of attorney's fees and costs of this lawsuit; and

E.     For such other and further relief as is just and equitable.

### COUNT VIII – AMERICANS WITH DISABILITIES ACT
### (November 29, 2007 Charge of Discrimination)

35.     Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 34 above.

36.     In direct violation of the Americans with Disabilities Act of 1967 ("ADA"), 42 U.S.C. § 12101 et seq., Defendant, by its agents and employees engaged in the discriminatory acts described in the Charge of Discrimination, attached hereto as Exhibit G and fully incorporated herein by reference.

37.     As a result of Defendant's discriminatory conduct as aforesaid, Caldwell has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental

anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981 a.

WHEREFORE, Caldwell prays for judgment against Defendant as follows:

A.     For an award of compensatory damages for his injury to his career, backpay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

B.     For an award of punitive damages;

C.     For an award of backpay;

D.     For an award of prejudgment interest;

E.     For an award of reinstatement (or, in the alternative, front pay);

F.     For an award of attorney's fees and costs of this lawsuit; and

G.     For such other and further relief as is just and equitable.

### COUNT IX – TITLE VII – RETALIATION
### (November 29, 2007 Charge of Discrimination)

38.     Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 37 above.

39.     Defendant, by its agents and employees, engaged in the retaliatory conduct described in Exhibit G and fully incorporated herein by reference.

WHEREFORE, Caldwell prays for judgment against Defendant as follows:

A.     For an award of compensatory damages for his injury to his career, backpay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

B.     For an award of punitive damages;

C.     For an award of backpay;

9

D.    For an award of prejudgment interest;

E.    For an award of reinstatement (or, in the alternative, front pay);

F.    For an award of attorney's fees and costs of this lawsuit; and

G.    For such other and further relief as is just and equitable.

## COUNT X – RACE DISCRIMINATION - § 1981

40.    Caldwell re-alleges and incorporates as if fully set forth herein paragraphs 1 through 38. above.

41.    As a result of Defendant's discriminatory conduct, Caldwell has been damaged in his career and has otherwise suffered monetary and non-monetary damages.

42.    Defendant's discriminatory conduct was intentional and committed with malice and in reckless disregard for Caldwell's rights under the law.

WHEREFORE, Caldwell prays for judgment against Defendant as follows:

A.    For an award of compensatory damages for his injury to his career, backpay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

B.    For an award of punitive damages;

C.    For an award of backpay;

D.    For an award of prejudgment interest;

E.    For an award of reinstatement (or, in the alternative, front pay);

F.    For an award of attorney's fees and costs of this lawsuit; and

G.    For such other and further relief as is just and equitable.

Respectfully submitted,

ANTHONY T. CALDWELL


By:
   s/ Brian S. Schwartz

Barry A. Gomberg
Brian S. Schwartz
Barry A. Gomberg & Associates, Ltd.
53 W. Jackson Blvd., Suite 1350
Chicago, Illinois 60604
(312) 922-0550 Tel.
(312) 922-0066 Fax.

Dated: August 27, 2008

## <u>CERTIFICATE OF SERVICE</u>

To:    Nadine C. Abrahams
       Sara A. Weinberg
       Jackson Lewis, LLP
       320 W. Ohio St., Suite 500
       Chicago, IL 60610

I, Brian S. Schwartz, certify that I caused a true and correct copy of Plaintiff's Second Amended Complaint to be sent to the above named counsel of record via CM/ECF filing on August 27, 2008.


                                    <u>s/ Brian S. Schwartz</u>

# Exhibit A

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>#07W0412.10 | AGENCY<br>☒ IDHR<br><br>☐ EEOC | CHARGE NUMBER<br><br>2007CF2674 |
|---|---|---|

### Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.)<br>Anthony T. Caldwell | HOME TELEPHONE (include area code)<br>(773) 437-3122 |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 7300 South Shore Drive, Apt. 605 | Chicago, IL  60649 | /  / |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME<br>Fresenius Medical Care | NUMBER OF EMPLOYEES,<br>MEMBERS 15+ | TELEPHONE (include area code)<br>(312) 274-0202 |
|---|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 710 N. Fairbanks | Chicago, IL  60611 | Cook |

| CAUSE OF DISCRIMINATION BASED ON:<br><br>RACE       SEX | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)  LATEST (ALL)<br>04/11/2007<br><br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

I.    A.    **ISSUE/BASIS**

HARASSMENT – NOVEMBER 2006 THROUGH APRIL 11, 2007, BASED ON MY SEX, MALE

B.    **PRIMA FACIE ALLEGATIONS**

1.    My sex is male.

2.    My job performance meets Respondent's legitimate expectations.  I began my employment with Respondent in August 2005.

Continued...

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME THIS 12th DAY OF April , 2007<br><br>_Jacquelyn Turner Hamb_<br>NOTARY SIGNATURE |
|---|---|
| "OFFICIAL SEAL"<br>JACQUELYN TURNER HAMB<br>Notary Public, State of Illinois<br>My Commission Expires 9/21/09<br><br>NOTARY SEAL | X _Anthony T. Caldwell_  4-12-07<br>SIGNATURE OF COMPLAINANT      DATE<br><br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

FORM 5 (5/05)

Complainant: Anthony T. Caldwell
Charge Number: 2007CF2674
Page 2.

    3.    From November 2006 until April 11, 2007, Doris Pennington (female), Facilities Manager, harassed me.

        a.    On a regular basis Ms. Pennington threatened to write me up, she lied to me and told me on more than one occasion that I would never be promoted.

        b.    In January 2007, Pennington threatened to write me up for not wearing my scrubs.

        c.    In or about February 2007, Pennington tried to get other Departments to write me up.

        d.    On April 11, 2007, Leslie Janstro (female), Education Coordinator, pushed me in my chest and Dr. Schuster (male), followed closely behind me to intimidate me as I was leaving Respondent's facility.

    4.    The harassment created a hostile, intimidating, work environment for me. Similarly situated female employees are not harassed.

## II.  A.  ISSUE/BASIS

HARASSMENT – NOVEMBER 2006 UNTIL APRIL 11, 2007, BASED ON MY RACE, BLACK

### B.  PRIMA FACIE ALLEGATIONS

    1.    My race is black.

    2.    My job performance meets Respondent's legitimate expectations. I began my employment with Respondent in August 2005.

    3.    From November 2006 until April 11, 2007, Doris Pennington (black), Facilities Manager, harassed me.

        a.    On a regular basis Ms. Pennington threatened to write me up, she lied to me and told me on more than one occasion that I would never be promoted.

        b.    In January 2007, Pennington threatened to write me up for not wearing my scrubs.

        c.    In or about February 2007, Pennington tried to get other Departments to write me up.

**Continued...**

Complainant: Anthony T. Caldwell
Charge Number: 2007CF2674
Page 3.

    d.    On April 11, 2007, Leslie Janstro (white), Education Coordinator, pushed me in my chest and Dr. Schuster (white), followed closely behind me to intimidate me as I was leaving Respondent's facility.

    4.    The harassment created a hostile, intimidating, work environment for me. Similarly situated non-black employees are not harassed.

## III. A. ISSUE/BASIS

FAILURE TO PROMOTE – MARCH 19, 2007, BASED ON MY SEX, MALE

### B. PRIMA FACIE ALLEGATIONS

1. My sex is male.

2. My job performance meets Respondent's legitimate expectations. I began my employment with Respondent in August 2005.

3. In November 2006, I applied for a Biomedical Equipment Technician position that Respondent had available. I was qualified and was being trained for the position. On or about January 19, 2007, Respondent abruptly stopped training me on the Biomedical Equipment, without reason.

4. On March 19, 2007, without granting me an interview, Respondent placed Carmen (last name unknown, female), into the Biomedical Equipment Technician position. Doris Pennington (female), Facilities Manager, had told me on several occasions that I would not be promoted as long as I was at her facility.

## IV. A. ISSUE/BASIS

FAILURE TO PROMOTE – MARCH 19, 2007, BASED ON MY RACE, BLACK

### B. PRIMA FACIE ALLEGATIONS

1. My race is black.

2. My job performance meets Respondent's legitimate expectations. I began my employment with Respondent in August 2005.

Continued...

Complainant: Anthony T. Caldwell
Charge Number: 2007CF2674
Page 4.

3.    In November 2006, I applied for a Biomedical Equipment Technician position that Respondent had available. I was qualified and was being trained for the position. On or about January 19, 2007, Respondent abruptly stopped training me on the Biomedical Equipment, without reason.

4.    On March 19, 2007, without granting me an interview, Respondent placed Carmen (last name unknown, Asian), into the Biomedical Equipment Technician position. Doris Pennington (black), Facilities Manager, had told me on several occasions that I would not be promoted as long as I was at her facility.

V.    A.    ISSUE/BASIS

INVOLUNTARY TRANSFER – MARCH 19, 2007, BASED ON MY SEX, MALE

B.    PRIMA FACIE ALLEGATIONS

1.    My sex is male.

2.    My job performance meets Respondent's legitimate expectations. I began my employment with Respondent in August 2005.

3.    On March 19, 2007, when Doris Pennington (female), Facilities Manager, denied me the promotion to the Biomedical Equipment Technician position, Olga (female), Area Manager, transferred me to Respondent's Northwestern Hospital facility to train as a Biomedical Equipment Technician. However, when I reported to Northwestern Hospital, Chris Garcia (female), Dialysis Technician, was already being trained for the Biomedical Equipment Technician position.

4.    Similarly situated female employees are treated differently under similar circumstances.

Continued....

Complainant: Anthony T. Caldwell
Charge Number: 2007CF2674
Page 5.

VI.  A.  ISSUE/BASIS

INVOLUNTARY TRANSFER – MARCH 19, 2007, BASED ON MY
RACE, BLACK

B.  PRIMA FACIE ALLEGATION

1.  My race is black.

2.  My job performance meets Respondent's legitimate expectations.  I
began my employment with Respondent in August 2005.

3.  On March 19, 2007, when Doris Pennington (black), Facilities
Manager, denied me the promotion to the Biomedical Equipment
Technician position, Olga  (non-black), Area Manager, transferred me
to Respondent's Northwestern Hospital facility to continue my training
as a Biomedical Equipment Technician.  However, when I reported to
Northwestern Hospital, Chris Garcia, (Asian), Dialysis Technician,
was already being trained for the Biomedical Equipment Technician
position.

4.  Similarly situated non-black employees are treated differently under
similar circumstances.

MEE/JJT

# EXHIBIT B

EEOC Form 161-B (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:   Anthony T. Caldwell
      7447 S Shore Dr #16h
      Chicago, IL 60649

      CERTIFIED MAIL 7099 3400 0014 4054 3119

From:   Chicago District Office
        500 West Madison St
        Suite 2000
        Chicago, IL 60661

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2007-01373 | Armernola P. Smith, State & Local Coordinator | (312) 886-5973 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*                                    02/08/2008 mjh

John P. Rowe,                                    *(Date Mailed)*
District Director

Enclosures(s)

cc:   FRESENIUS MEDICAL CARE
      710 N Fairbanks
      Chicago, IL 60611

✱ NOTE: Issued to correct the Charge number and transmitted today, 07/29/2008.

# Exhibit C

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form. #08W1001.07 | ☒ IDHR<br>☐ EEOC | 2008CF0797 |

**Illinois Department of Human Rights and EEOC**

| NAME (indicate Mr. Ms. Mrs.)<br>Anthony Caldwell | HOME TELEPHONE (include area code)<br>(773) 375-9538 | |
|---|---|---|
| STREET          CITY, STATE AND ZIP COD<br>7447 South Shore Drive, Apt 16H  Chicago, Illinois 60649 | DATE OF BIRTH<br>//  | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME<br>Fresenius Medical Center | NUMBER OF EMPLOYEES,<br>MEMBERS 15+ | TELEPHONE (include area code)<br>(312) 913-0000 |
|---|---|---|
| STREET ADDRESS<br>1712 South Prairie Avenue | CITY, STATE AND ZIP COD<br>Chicago, Illinois 60611 | COUNTY<br>Cook |
| CAUSE OF DISCRIMINATION BASED ON:<br><br>Race  Retaliation | | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)  LATEST (ALL)<br>//        9/19/07<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

I.   A.   **ISSUE/BASIS**
         **HARASSMENT – MAY  2007, - SEPTEMBER 19, 2007, BECAUSE OF MY RACE, BLACK**

   B.   **PRIMA FACIE ALLEGATIONS**
      1.   **My race is black.**

      2.   **My job performance meets Respondent's legitimate expectations. I was hired in August 2005.**

      3.   **From May 2007, through September 19, 2007, I have been harassed by Wei Lou, (non-black) Supervisor.  The harassment consists of Lou making negative comments, jesters, and jokes that created a hostile, intimidating  work environment for me and stopping my training.**

      4.   **Similarly situated non-black employees are not harassed.**


**Continued...**

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE  ME<br><br>THIS _2nd_ DAY OF _October_ , 2007<br>_Jacquelyn Turner Hamb_<br>NOTARY  SIGNATURE |
|---|---|
| "OFFICIAL SEAL"<br>JACQUELYN TURNER HAMB<br>Notary Public, State of Illinois<br>My Commission Expires 9/21/09<br>**Notary Seal** | x _Anthony Caldwell_      10/02/07<br>SIGNATURE OF COMPLAINANT          DATE<br><br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

FORM 5 (5/05)

Complainant: Anthony Caldwell
Charge Number: 2008CF0797
Page 2

## II.   A.   ISSUE/BASIS
HARASSMENT – MAY 2007, - SEPTEMBER 19, 2007, IN RETALIATION FOR HAVING FILED A CHARGE OF DISCRIMINATION

### B.   PRIMA FACIE ALLEGATIONS

1. On April 12, 2007, I engaged in a protected activity when I filed charge #2007CF2674 against Respondent alleging race discrimination with the Department of Human Rights.

2. My job performance meets Respondent's legitimate expectations. I was hired in August 2005.

3. From May 2007, through September 19, 2007, I have been harassed by Wei Lou, Supervisor. The harassment consists of Lou making negative comments, jesters, and jokes that created a hostile, intimidating work environment for me and stopping my training.

4. The harassment followed my having engaged in a protected activity within such a period of time as to raise an inference of retaliatory motivation.

## III.   A.   ISSUE/BASIS
INVOLUNTARY TRANFER – JUNE 4, 2007, BECAUSE OF MY RACE, BLACK

### B.   PRIMA FACIE ALLEGATIONS

1. My race is black.

2. My job performance meets Respondent's legitimate expectations. I was hired in August 2005.

3. On June 4, 2007, I was transferred to Respondent's Fresenius Medical Center from Northwestern. No reason was given for the adverse action.

4. Similarly situated non-black employees are treated differently.

Continued...

Complainant: Anthony Caldwell
Charge Number: 2008CF0797
Page 3

IV.  A.  ISSUE/BASIS
         INVOLUNTARY TRANFER – JUNE 4, 2007, RETALIATION FOR HAVING
         FILED A CHARGE OF DISCRIMINATION

     B.  PRIMA FACIE ALLEGATIONS
         1.  On April 12, 2007, I engaged in a protected activity when I filed charge
             #2007CF2674 against Respondent alleging race discrimination with the
             Department of Human Rights.

         2.  My job performance meets Respondent's legitimate expectations. I was
             hired in August 2005.

         3.  On June 4, 2007, I was transferred to Respondent's Fresenius Medical
             Center from Northwestern.  No reason was given for the adverse action.

         4.  The transfer followed my having engaged in a protected activity within
             such a period of time as to raise an inference of retaliatory motivation.

V.   A.  ISSUE/BASIS
         UNEQUAL JOB ASSIGNMENT – SEPTEMBER 19, 2007, BECAUSE OF MY
         RACE, BLACK

     B.  PRIMA FACIE ALLEGATIONS
         1.  My race is black.

         2.  My job performance meets Respondent's legitimate expectations. I was hired
             in August 2005.

         3.  On September 19, 2007, I was assigned to clean boxes and change acid
             bi-curb hoses.

         4.  Similarly situated non-black employees, Nelson Zhanger, Anthony Zielinski,
             Shawn Weng and Freddie Rodrigues,  were not given the above job
             assignment.


Continued...

Complainant: Anthony Caldwell
Charge Number: 2008CF0797
Page 4


VI.   A.   ISSUE/BASIS
           UNEQUAL JOB ASSIGNMENT - SEPTEMBER 19, 2007, IN RETALIATION
           FOR HAVING FILED A CHARGE OF DISCRIMINATION

      B.   PRIMA FACIE ALLEGATIONS
           1.   On April 12, 2007, I engaged in a protected activity when I filed charge
                #2007CF2674 against Respondent alleging race discrimination with the
                Department of Human Rights.

           2.   My job performance meets Respondent's legitimate expectations. I was
                hired in August 2005.

           3.   On September 19, 2007, I was assigned to clean boxes and change acid
                bi-curb hoses.

           4.   The unequal job assignment followed my having engaged in a protected
                activity within such a period of time as to raise an inference of retaliatory
                motivation.


MFP/JJT/RCG

# Exhibit D

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To:  Anthony T. Caldwell<br>7447 S Shore Dr #16h<br>Chicago, IL 60649 | From:  **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2800**<br>**Chicago, IL 60661** |

CERTIFIED MAIL 7099 3400 0014 4054 3119

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2008-00025 | **Armernola P. Smith,**<br>**State & Local Coordinator** | **(312) 886-5973** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court** <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred** <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**John P. Rowe,**
**District Director**

2/8/2008

*(Date Mailed)*

Enclosures(s)

cc:    **Human Resources**
**FRESENIUS MEDICAL CARE**
**710 N Fairbanks**
**Chicago, IL 60611**

# Exhibit E

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement<br>before completing this form.<br><br>#08W1113-03 | AGENCY<br>☒ IDHR<br><br>☐ EEOC | CHARGE NUMBER<br><br>2008CF1233 |
|---|---|---|

### Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.)<br>Mr. Anthony Caldwell | HOME TELEPHONE (include area code)<br>(773) 375-9538 |
|---|---|

| STREET ADDRESS<br>7447 South Shore Drive; #16H | CITY, STATE AND ZIP CODE<br>Chicago, Illinois 60649 | DATE OF BIRTH<br>12/06/57 |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME<br>Fresenius Medical Care | NUMBER OF EMPLOYEES,<br>MEMBERS 15+ | TELEPHONE (Include area code)<br>(708) 562-6403 |
|---|---|---|

| STREET ADDRESS<br>One Westbrook Corporate Center; Suite 1000; Westchester, Illinois 60154 | | COUNTY<br>Cook (031) |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON:<br>Race      Mental Disability      Retaliation | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>10/01/07<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

**I.**    **A.**     **ISSUE/BASIS**

        HARASSMENT, BEGINNING ON OR ABOUT OCTOBER 1, 2007 AND CONTINUING THROUGH NOVEMBER 12, 2007, BECAUSE OF MY RACE, BLACK.

   **B.**     **PRIMA FACIE ALLEGATIONS**

        1.    My race is black.

        2.    I have satisfactorily performed my duties as a Biomedical Technician, and have been employed with Respondent since August, 2005.

**(Continued)**

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE<br><br>ME THIS _13_ DAY OF _November_ , 2007<br><br>_Jacquelyn Turner Hamb_<br>NOTARY SIGNATURE |
|---|---|

| "OFFICIAL SEAL"<br>JACQUELYN TURNER HAMB<br>Notary Public, State of Illinois<br>My Commission Expires 9/21/09<br><br>**NOTARY SEAL** | X _A. Anthony Caldwell_   11/13/07<br>SIGNATURE OF COMPLAINANT      DATE<br><br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |
|---|---|

FORM 5 (5/05)

Complainant:     Anthony Caldwell
Charge Number:   2008CF1233
Page 2

3.  Beginning on or about October 1, 2007 and continuing through
    November 12, 2007, I have been harassed in Respondent's workplace
    by Tracey Crandall (white), Respondent's Human Resources
    Director.  During this period of time, Crandall has harassed me by
    threatening me with discharge from Respondent's employ; by
    sending me threatening letters; by attempting to make me apply for
    FMLA instead of workmen's compensation for a job related injury.

4.  I believe that there have been other, similarly situated, non-black
    biomedical technicians, such as Nelson (last name unknown),
    Anthony (last name unknown), and others, that have levels of
    seniority and work performance which is similar to mine, but they
    are not being harassed in Respondent's workplace in the same
    manner as I am.

II.  A.  ISSUE/BASIS

         HARASSMENT, BEGINNING ON OR ABOUT OCTOBER 1, 2007 AND
         CONTINUING THROUGH NOVEMBER 12, 2007, BECAUSE OF MY
         MENTAL DISABILITY, ADJUSTMENT DISORDER WITH MIXED
         ANXIETY.

     B.  PRIMA FACIE ALLEGATIONS

         1.  I am an individual with a mental disability within the meaning of Section
             1-103(I) of the Human Rights Act.

         2.  I have satisfactorily performed my duties as a Biomedical Technician, and
             have been employed with Respondent since August, 2005.

         3.  Respondent was aware of my condition.

         4.  Beginning on or about October 1, 2007 and continuing through November
             12, 2007, I have been harassed in Respondent's workplace by Tracey
             Crandall (non-disabled), Respondent's Human Resources Director.
             During this period of time, Crandall has harassed me by threatening me
             with discharge from Respondent's employ; by sending me threatening
             letters; by attempting to make me to apply for FMLA instead of
             workmen's compensation for a job related injury.

(Continued)

Complainant:        Anthony Caldwell
Charge Number:    2008CF1233
Page 3

5.   I believe that there have been other, similarly situated, non-disabled
     biomedical technicians, such as Nelson (last name unknown),
     Anthony (last name unknown), and others, that have levels of
     seniority and work performance which is similar to mine, but they
     are not being harassed in Respondent's workplace in the same
     manner as I am.

6.   My disability does not affect my ability to perform the duties of my
     position, with reasonable accommodations.

III.  A.   ISSUE/BASIS

      HARASSMENT, BEGINNING ON OR ABOUT OCTOBER 1, 2007 AND
      CONTINUING THROUGH NOVEMBER 12, 2007, IN RETALIATION
      FOR HAVING FILED PREVIOUS CHARGES OF RACE DISCRIMINATION.

      B.   PRIMA FACIE ALLEGATIONS

1.   On April 12, 2007, I filed race discrimination charge number 2007CF2674
     against Respondent with the Department of Human Rights.

2.   Beginning on or about October 1, 2007 and continuing through November
     12, 2007, I have been harassed in Respondent's workplace by Tracey
     Crandall, Respondent's Human Resources Director.  During this period
     of time, Crandall has harassed me by threatening me with discharge from
     Respondent's employ; by sending me threatening letters; by attempting
     to make me to apply for FMLA instead of workmen's compensation for a
     job related injury.

3.   Respondent's actions have followed my protected activity within such a
     period of time as to raise an inference of retaliatory motivation.

ACF/JJT/RCG

# Exhibit F

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

To:  **Anthony Caldwell**
7447 S Shore Dr #16h
Chicago, IL 60649

From:  **Chicago District Office**
500 West Madison St
Suite 2800
Chicago, IL 60661

**CERTIFIED MAIL 7099 3400 0014 4054 2969**

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2008-00372 | **Armernola P. Smith,** **State & Local Coordinator** | (312) 886-5973 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court** <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ]  More than 180 days have passed since the filing of this charge.

[X]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*                                03/05/2008

**John P. Rowe,**
**District Director**

Enclosures(s)

*(Date Mailed)*

cc:   **FRESENIUS MEDICAL CARE**
1 Westbrook Corp Ctr
Westchester, IL 60154

# Exhibit G

| CHARGE OF DISCRIMINATION <br> This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form. <br><br> #08W1129.01 | AGENCY <br> ☒ IDHR <br><br> ☐ EEOC | CHARGE NUMBER <br><br> 2008CF1353 |
|---|---|---|

### Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.) <br> **Anthony Caldwell** | HOME TELEPHONE (include area code) <br> **(773) 375-9538** |
|---|---|

| STREET ADDRESS          CITY, STATE AND ZIP CODE <br> **7447 S. South Shore Drive, Apt. 16-H    Chicago, IL  60649** | DATE OF BIRTH |
|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME <br> **Fresenius Medical Care** | NUMBER OF EMPLOYEES, <br> MEMBERS 15+ | TELEPHONE (include area code) <br> **(708) 498-9138** |
|---|---|---|

| STREET ADDRESS          CITY, STATE AND ZIP CODE <br><br> **One Westbrook Corporate Center, Suite 1000,   Westchester, IL  60154** | COUNTY <br><br> **Cook** |
|---|---|

| CAUSE OF DISCRIMINATION BASED ON: <br><br> **DISABILITY          RETALIATION** | DATE OF DISCRIMINATION <br> EARLIEST (ADEA/EPA)  LATEST (ALL) <br> 11/27/2007 <br><br> ☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

**I.    A.    ISSUE/BASIS**

**DISCHARGE – NOVEMBER 27, 2007, BASED ON MY MENTAL DISABILITY, ADJUSTMENT DISORDER WITH MIXED ANXIETY**

**B.    PRIMA FACIE ALLEGATIONS**

1.    I am an individual with a disability within the meaning of Section 1-103(I) of the Human Rights Act.

2.    Respondent is aware of my disability.

**Continued...**

---

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME THIS 2⁹ᵗʰ DAY OF _November_, 2007 <br><br> _[signature]_ <br> NOTARY SIGNATURE |
|---|---|

| OFFICIAL SEAL <br> KRYSTAL ROGERS <br> NOTARY PUBLIC - STATE OF ILLINOIS <br> MY COMMISSION EXPIRES:11/16/10 <br><br> NOTARY SEAL | X _[signature]_              11/29/07 <br> SIGNATURE OF COMPLAINANT          DATE <br> I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |
|---|---|

FORM 5 (5/05)

Complainant: Anthony Caldwell
Charge Number: 2008CF1353
Page 2.

3. On September 28, 2007, I left work because the stress level had reached a dangerous level. I informed Respondent via letter that I was feeling like I was going crazy and that I was leaving because of this.

4. On November 27, 2007, Respondent discharged me. The reason Respondent gave for my discharge was that my absence from work had not been substantiated with the proper documentation. I have been in correspondence with Respondent since I left work on September 28, 2007.

5. Employees that have no disability are not treated in a similar manner.

II. A. ISSUE/BASIS

DISCHARGE – NOVEMBER 27, 2007, IN RETALIATION FOR HAVING FILED PREVIOUS CHARGES OF UNLAWFUL DISCRIMINATION BASED ON MY RACE, MY DISABILITY AND RETALIATION

B. PRIMA FACIE ALLEGATIONS

1. On November 13, 2007, and on previous occasions, I engaged in protectived activities when I filed unlawful discrimination charges with the Department of Human Rights opposing that which I reasonably and in good faith believed to be unlawful discrimination based on my race, my disability and retaliation.

2. On September 28, 2007, I left work because the stress had reached a dangerous level. I informed Respondent that I was feeling like I was going crazy and that I was leaving because of this.

3. On November 27, 2007, Respondent discharged me. The reason Respondent gave for my discharge was that my absence from work had not been substantiated with the proper documentation. I have been in correspondence with Respondent, since I left work on September 28, 2007.

4. My discharge followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

MEE/

# Exhibit H

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Anthony Caldwell**
    **7447 South Shore Dr**
    **Chicago, IL 60649**

From:   **Chicago District Office**
         **500 West Madison St**
         **Suite 2800**
         **Chicago, IL 60661**

    **CERTIFIED MAIL 7099 3400 0014 4054 2860**

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is* CONFIDENTIAL *(29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **21B-2008-00470** | **Armernola P. Smith,** **State & Local Coordinator** | **(312) 886-5973** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

| | |
|---|---|
| ☐ | More than 180 days have passed since the filing of this charge. |
| ☒ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| ☒ | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| | |
|---|---|
| ☐ | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*

04/15/2008

Enclosures(s)

**John P. Rowe,**
**District Director**

*(Date Mailed)*

cc:   **FRESENIUS MEDICAL CARE**
      **One Westbrook Corp**
      **Westchester, IL 60154**